## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4312 | **DATE** | 3/6/2012 |
| **CASE TITLE** | Baldonado vs. Wyeth | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiff's motion for summary judgment [64].

■ [ For further details see text below.]   Notices mailed by Judicial staff.

### STATEMENT

Plaintiff Jo Belle Baldonado moves for summary judgment on certain affirmative defenses that Defendant Wyeth pleads in its Master Answer. (R. 64.) For the following reasons, the motion is denied.

### BACKGROUND

Plaintiff used certain postmenapausal hormone therapy products ("HT") from 1996 to 1998. In September of 1998, Plaintiff was diagnosed with hormone-receptor positive breast cancer. On June 3, 2004, Plaintiff filed this action against Defendant and others, alleging that the HT manufactured by Defendant caused Plaintiff to develop breast cancer. Plaintiff asserts claims of negligence, strict products liability, breach of warranty, negligent misrepresentation, and fraud. (R. 1 at 15-57, First Am. Personal Injury Compl. ("Amended Complaint").)

Defendants removed the action to this Court on June 28, 2004, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (*Id.* at 1-7, Not. of Removal.) Thereafter, on July 27, 2004, Defendant filed an Answer to the Amended Complaint, denying that Defendant's products caused Plaintiff's breast cancer and contending that the products were appropriately tested, labeled, and marketed. (*See* R. 9, Answer ("Ans.").) Defendant pleads thirty-three affirmative defenses in its Answer. (*See id.* at 56-63.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

On September 8, 2004, the Judicial Panel for Multidistrict Litigation (the "MDL Panel") entered an order conditionally transferring this action to the U.S. District Court for the Eastern District of Arkansas (the "MDL Court"), pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings with over two hundred similar hormone therapy actions. (R. 13, Conditional Transfer Order, at 1 (citing *In re Prempro Prods. Liab. Litig.*, 254 F. Supp. 2d 1366 (J.P.M.L. 2003) (designating transferee court for individual, class action, and other federal cases arising out of the sale or use of prescription hormone therapy medications).) As relevant to the present motion, Defendant filed a Master Answer in the MDL Court. (*See* R. 1942, *In re Prepro Prods. Liab. Litig.*, MDL No. 1507 (E.D. Ark.), Master Ans. to Am. Master Compl.)

On January 26, 2011, following more than seven years of litigation in the MDL Court, the MDL Panel remanded the action to this District pursuant to 28 U.S.C. § 1407. (R. 21, Corrected Remand Order at 1-2.) On October 12, 2011, Plaintiff moved for summary judgment on twenty-three affirmative defenses that Defendant pleads in its Master Answer. The case was reassigned to this Court on January 25, 2012.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). The party seeking summary judgment has the initial burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 255 (internal quotation omitted). "[D]istrict courts presiding over summary judgment proceedings may not weigh conflicting evidence or make credibility determinations, both of which are the province of the jury." *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704-05 (7th Cir. 2011) (internal citations omitted).

## DISCUSSION

Presently before the Court is Plaintiff's self-styled "Motion for Summary Judgment Regarding Certain Wyeth Affirmative Defenses." (R. 64, Pl.'s Mot.) In her motion, Plaintiff relies on an amalgamation of Rules 8(c), 12(c), 12(f) and 56 of the Federal Rules of Civil Procedure,[1] and seeks summary judgment on twenty-three of the affirmative defenses that Defendant pleads in its Master Answer.

The Court makes two observations prior to reaching the merits of Plaintiff's motion. First, Plaintiff predicates her motion on the wrong operative pleading. Plaintiff states in her motion that Defendant "did not file an answer specifically in response to" Plaintiff's complaint, and for that reason, apparently seeks summary judgment on the affirmative defenses that Defendant pleads in its Master Answer. (R. 65, Pl.'s Mem. at 3.) Contrary to Plaintiff's assertion, however, Defendant filed a case-specific Answer in this litigation on July 27, 2004, before the MDL Panel transferred this case to the MDL Court. (*See* R. 9.) Nonetheless, given the considerable overlap in the affirmative defenses that Defendant pleads in its Master Answer and its Answer, the

---

[1] Rule 56 governs summary judgment motions in federal court. *See* Fed. R. Civ. P. 56; *Ricci v. DeStefano*, 557 U.S. 557, 129 S. Ct. 2658, 2277-79, 174 L .Ed. 2d 490 (2009); *Parker v. Franklin County Comm. Sch. Corp.*, — F.3d —, 2012 WL 266870, at *3 (7th Cir. Jan. 31, 2012). Plaintiff's failure to recognize the analytical and practical differences between Rules 8(c), 12(c), 12(f), and 56 has frustrated the Court's review of the present motion.

Court will construe Plaintiff's motion as seeking summary judgment on the affirmative defenses that Defendant pleads in its Answer.

Second, the "Statement of Material Facts As to Which There is No Genuine Issue" that Plaintiff filed with her motion for summary judgment fails to comply with the Local Rules. (R. 65 at 3, Plaintiff's 56.1 Statement.) Specifically, Local Rule 56.1 requires the party moving for summary judgment to file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law," consisting "of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." Local Rule 56.1(1); *see also Obrycka v. City of Chicago*, No. 07 C 2372, 2012 WL 601810, at *1-2 (N.D. Ill. Feb. 23, 2012) (further discussing the requirements of Local Rule 56.1). Here, Plaintiff's 56.1 Statement is woefully inadequate. Her statement contains eleven one-sentence paragraphs, almost all of which cite exclusively to the complaint. Citations to the complaint do little, if anything, to show the absence of any genuine issue of material fact. *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); *Tages v. Univision Tele. Grp., Inc.*, No. 04 C 3738, 2005 WL 2736997, at *1 n.1 (N.D. Ill. Oct. 20, 2005) ("The court notes that a substantial portion of plaintiffs' response to defendants' L.R. 56.1 statement not in compliance with L.R. 56.1(b) because they cite the complaint only."). Indeed, Plaintiff's 56.1 Statement neither cites nor refers to any facts outside of the pleadings, frustrating the Court's attempt to resolve Plaintiff's motion for summary judgment, which, as discussed below, raises numerous factual issues. *See* Local Rule 56.1(a) (requiring moving party to cite to those portions of the record that show the absence of a genuine issue of material fact); *Sendra v. Potter*, — F. Supp. 2d —, 2011 WL 2262921, at *7 (N.D. Ill. June 9, 2011) (granting summary judgment, where the non-movant failed to "develop his allegations through discovery and submission of Rule 56.1 statements").

The Court now turns to the merits of Plaintiff's motion.

## I.     Affirmative Defenses Not Asserted[2]

Plaintiff seeks summary judgment on four affirmative defenses that Defendant does not plead in its Answer, namely improper service, lack of personal judgment, improper venue, and forum non conveniens. (Pl.'s Mem. at 7.) Accordingly, Plaintiff's motion is denied as moot as to these affirmative defenses.

## II.    Affirmative Defenses Withdrawn (Nos. 1, 6, 7, 10, and 11[3])

Plaintiff seeks summary judgment on Defendant's affirmative defenses of failure to state a claim, unintended use or misuse of Prempro, failure to mitigate damages, and laches, waiver, and estoppel, which Defendant pleads respectively in its Answer as the First, Sixth, Seventh, Tenth, and Eleventh Affirmative Defenses. (Pl.'s Mem. at 7-8.) In response, Defendant agrees to withdraw these affirmative defenses. (Def.'s Resp. at 3.) Accordingly, Plaintiff's motion is denied as moot as to these affirmative defenses.

---

[2]In her motion, Plaintiff numbers these affirmative defenses as Nos. 2, 3, 4, and 5.

[3]In her motion, Plaintiff numbers these affirmative defenses as Nos. 1, 12, 13, 16, and 17.

## III. Constitutional, Statutory, and Regulatory Affirmative Defenses (Nos. 20, 21, 23, 29, 31, and 33[4])

Plaintiff seeks summary judgment on Defendant's constitutional, statutory, and regulatory affirmative defenses, namely federal preemption, compliance with federal law, and various constitutional violations resulting from the imposition of liability without proof of causation and assessing punitive damages without a clear standard, which Defendant pleads in its Answer as the Twentieth, Twenty-First, Twenty-Third, Twenty-Ninth, Thirty-First, and Thirty-Third Affirmative Defenses. (Pl.'s Mem. at 10-12.) Defendant responds that Plaintiff has failed to present an adequate basis upon which the Court may enter summary judgment. (Def.'s Resp. at 6-7.) The Court agrees. Plaintiff offers only undeveloped argumentation in support of her motion, including a largely unexplained citation to *Wyeth v. Levine*, 555 U.S. 555, 581, 129 S. Ct. 1187, 1204, 173 L. Ed. 2d 51 (2009) (rejecting preemption argument in a case arising under Vermont law, and opining that "[a]lthough we recognize that some state-law claims might well frustrate the achievement of congressional objectives, this is not such a case"). Under these circumstances, Plaintiff has failed to meet her burden in moving for summary judgment. *See, e.g., Demichele v. United States*, No. 06 C 6294, 2008 WL 3855073, at *9 (N.D. Ill. Aug. 19, 2008) (holding that a party failed to meet her responsive burden on a motion for summary judgment, where, *inter alia*, she cited to a court decision, but did "not explain how that court's holding influences the present case").

Accordingly, Plaintiff's motion is denied as to Defendant's Twentieth, Twenty-First, Twenty-Third, Twenty-Ninth, Thirty-First, and Thirty-Third Affirmative Defenses.

## IV. Lack of Privity (No. 27[5])

Plaintiff seeks summary judgment on Defendant's affirmative defense that, "[t]o the extent applicable, plaintiff['s] breach of warranty claims are barred by a lack of privity between Plaintiff[] and Wyeth . . . ." (Pl.'s Mem. at 10; *see also* Ans. at 61.) Plaintiff argues that this defense is "factually defective because Illinois law prohibits parties from raising the lack of privity defense. Privity is not required in a products liability action." (Pl.'s Mem. at 10 (citing *Advincula v. United Blood Servs.*, 176 Ill. 2d 1, 23, 678 N.E.2d 1009, 1031, 223 Ill. Dec. 1 (1996).) Plaintiff further argues that "[p]rivity is of no consequence when a buyer who purportedly has sustained personal injuries predicates recovery against a manufacturer for breach of warranty." (Pl.'s Mem. at 10 (citing *Berry v. G.D. Searle & Co.*, 56 Ill. 2d 548, 556, 309 N.E. 2d 550, 558 (1974).)

The Court denies Plaintiff's motion. Plaintiff advances only cursory arguments in support of her motion for summary judgment on this affirmative defense. *See Demichele,* 2008 WL 3855073, at *9. Moreover, one of the two cases upon which she relies – *Advincula* – concerns the "standard of care under section 3 of the Blood and Organ Transaction Liability Act," not breach of express warranty. *Advincula*, 176 Ill. 2d at 6, 678 N.E.2d at 1013, 223 Ill. Dec. at 5. Plaintiff does not explain how the only other case upon which she relies – *Berry* – entities her to summary judgment. *Berry* addresses privity in the context of a claim for breach of implied warranty, whereas Plaintiff asserts a claim for breach of express warranty. *See Berry*, 56 Ill. 2d at 556, 309 N.E. 2d at 558 (holding that "privity is of no consequence when a buyer who purportedly has sustained personal injuries predicates recovery against a remote manufacturer for breach of an implied waranty [sic]"); (Am. Compl. ¶¶ 100-07 (captioned: "Count IV[:] Breach of Express Warranty").)

Under Illinois law, "because an express warranty is a 'creature of contract,' a party must have privity to the contract before bringing a breach of express warranty claim." *Canadian Pac. Railway Co. v. Williams-Hayward Protective Coatings, Inc.*, No. 02 C 8800, 2005 WL 782698, *15 (N.D. Ill. Apr. 6, 2005) (citing cases) (applying Illinois law). As this Court explained in another case, there are "very few exceptions" to this general

---

[4]In her motion, Plaintiff numbers these affirmative defenses as Nos. 26, 27, 36, 39, 40, and 41.

[5]In her motion, Plaintiff numbers this affirmative defense as No. 34.

rule, one of which exists "[i]n the context of a buyer purchasing a product from a dealer and not the manufacturer":

> . . . Illinois courts have concluded that brochures, documents, and advertisements may be the basis of express warranty. In other words, manufacturer documents given directly to the buyer prior to a purchase may give rise to an express warranty because the assertions become part of the basis of the bargain unless clear affirmative proof shows otherwise.

*Id.* (internal citations omitted). Here, Plaintiff does not appear to argue that she fits into any exception to the privity requirement. Even if she had, however, she has failed to offer any factual support for such an argument. *See Celotex Corp.*, 477 U.S. at 323 (holding that the moving party has the initial burden of production on a motion for summary judgment). Indeed, just like the plaintiff in *Canadian Pacific Railway*, Plaintiff "does not explain how this exception to the privity requirement applies to the circumstances at hand" by, for instance, "com[ing] forward with evidence of manufacturer brochures, catalogs, or advertisements that were part of the basis of the bargain supporting their claim for express warranties." *Id.* Nor does Plaintiff even attempt to establish in her motion that Defendant "made specific, written promises or warranties via manufacturer's catalogs or other marketing materials." *Id.*

Under these circumstances, Plaintiff has plainly failed to meet her burden in moving for summary judgment. *See Anderson*, 477 U.S. at 255 (holding that motions for summary judgment must be "well supported"); *United States v. $506,231 in U.S. Currency*, 125 F.3d 442, 451 (7th Cir. 1997) (holding that district court erred in granting summary judgment to the government, where the government failed to meet its initial burden as the moving party); *Baldwin Enters., Inc. v. Retail ventures, Inc.*, No. 09-CV-0159, 2010 WL 624261, at *8 (S.D. Ill. Feb. 18, 2010) (denying summary judgment, where the movant offered "nearly no argument or cases supporting summary judgment"). Accordingly, Plaintiff's motion for summary judgment is denied as to this affirmative defense.

## V. Assumption of the Risk & Contributory/Comparative Fault (Nos. 3 and 5[6])

Plaintiff seeks summary judgment on Defendant's affirmative defenses of assumption of the risk and contributory/comparative negligence, which Defendant pleads respectively in its Answer as the Third and Fifth Affirmative Defense. (Pl.'s Mem. at 7-8.) Plaintiff argues, in its entirety, that "[t]here is no evidence in this case that plaintiff was contributorily negligent or assumed the risk of her injury." (*Id.* at 7.) Plaintiff advances no citation to the record, or any discussion of the record at all, nor does Plaintiff cite to any legal authority in support of her motion as to these affirmative defenses. In response, Defendant represents that it "will submit evidence that plaintiff was informed about the risk of breast cancer associated with Prempro use before taking it but chose to use the drug anyway." (Def.'s Resp. at 5 (citing record evidence).)

Under these circumstances, Plaintiff has failed to carry her burden in moving for summary judgement. *See, e.g.*, *Kasalo v. NCSPLUS Inc.*, No. 10 C 1643, 2011 WL 2582195, at *3 (N.D. Ill. June 27, 2011) (holding that movant failed to meet its initial burden, where the movant stated merely that there is no evidence supporting the non-movant's claim) (citing *Celotex*, 477 U.S. at 328 (White, J., concurring) ("[I]t is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case.").) Accordingly, Plaintiff's motion is denied as to these affirmative defenses.

---

[6]In her motion, Plaintiff numbers these affirmative defenses as Nos. 7 and 11.

## VI. Remaining Affirmative Defenses (Nos. 4, 13, 14, 16, and 17[7])

Plaintiff seeks summary judgment on Defendant's affirmative defenses of lack of proximate causation, absence of agent liability and/or ratification, adequate and complete warnings, and proper preparation of product, which Defendant pleads respectively in its Answer as the Fourth, Thirteenth, Fourteenth, and Seventeenth Affirmative Defenses. (Pl.'s Mem. at 7-10.) In her motion, Plaintiff refers to no facts outside of the pleadings to attack these affirmative defenses. As such, "this is really an attack on the pleadings, and not an attack on the merits of defendant's claims; therefore, the Court could not possibly grant summary judgment on the affirmative defenses." *Petroff Trucking Co., Inc. v. Enviorocon, Inc.*, No. 05-CV-414, 2006 WL 2938666, at *2 (S.D. Ill. Oct. 13, 2006); *see also Koszola v. Bd. of Educ. of City of Chicago*, 385 F.3d 1104, 1111 (7th Cir. 2004) ("As we have often stated, summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.") (internal citations and quotation marks omitted).

The appropriate procedural vehicle to accomplish what Plaintiff apparently seeks is a motion to strike pursuant to Rule 12(f). The Rule provides in relevant part that "a district court 'may strike from a pleading an insufficient defense.'" *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (quoting Fed. R. Civ. P. 12(f)); *see also Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (observing that motions to strike are disfavored). To the extent the Court construes Plaintiff's motion for summary judgment under Rule 56 as a motion strike under Rule 12(f), the motion is denied as untimely. *See* Fed. R. Civ. P. 12(f)(2) (party may move to strike "within 21 days after being served with the pleading" if no response is allowed); *see also* Fed. R. Civ. P. 7(a) (no response allowed to an answer that does not contain a counterclaim). The Court observes that the affirmative defenses that Plaintiff contends constitute mere "denials" raise factual issues that go the heart of this case. To the extent any of these affirmative defenses constitute denials, the Court will construe them as such for purposes of trial.

Accordingly, Plaintiff's motion for summary judgment is denied as to Defendant's Fourth, Thirteenth, Fourteenth, and Seventeenth Affirmative Defenses.

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's motion for summary judgment.[8]

---

[7] In her motion, Plaintiff numbers these affirmative defenses as Nos. 8, 19, 20, and 23.

[8] Plaintiff states in the conclusion to her memorandum in support of her motion for summary judgment that she seeks to dismiss an affirmative defense numbered as "16" (Pl.'s Mem. at 12), but Plaintiff does not discuss any such affirmative defense in her motion. As a result, to the extent Plaintiff seeks summary judgment on such an affirmative defense, her motion is denied.