## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 4312 | DATE | 6/15/2012 |
| CASE TITLE | Baldonado vs. Wyeth | | |

**DOCKET ENTRY TEXT**

The Court denies Defendant's Motion for Summary Judgment on Plaintiff's Fraud, Misrepresentation, and Express Warranty Claims [83] in its entirety.

■[ For further details see text below.]   Notices mailed by Judicial staff.

### STATEMENT

Before the Court is Defendant Wyeth's Motion for Summary Judgment on Plaintiff's Fraud, Misrepresentation, and Express Warranty Claims. (R. 83.) For the reasons explained below, the motion is denied in its entirety.

### BACKGROUND

From May of 1996 until September of 1998, Plaintiff Jo Belle Baldonado took Prempro, a prescription hormone therapy medication. Plaintiff had previously taken Provera, but switched to Prempro to help alleviate certain menopausal symptoms. Plaintiff's prescribing physicians were Dr. Terestia Avila and Dr. Mani Akkineni. In or about September of 1998, Plaintiff was diagnosed with breast cancer and stopped taking Prempro at the direction of Dr. Avila. Alleging that Prempro caused her breast cancer, Plaintiff filed the present civil action against Defendant and others. The Court presumes familiarity with the underlying factual allegations and procedural history of this litigation, and incorporates herein by reference the background information set forth in the Court's written opinions dated May 31, 2012 (R. 229), May 17, 2012 (R. 205), May 7, 2012 (R. 179), and March 6, 2012 (R. 125).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In considering summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). The party seeking summary judgment has the initial burden of establishing the lack of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

## ANALYSIS

Defendant moves for partial summary judgment on Plaintiff's claims of fraud (R. 1, Am. Compl. ¶¶ 115-18); negligent misrepresentation (*id.* ¶¶ 108-112); and breach of express warranty (*id.* ¶¶ 101-06.) The Court addresses each claim below.

### I. Fraud (Count VI)

Defendant seeks partial summary judgment on Plaintiff's common-law fraud claim. (R. 84, Def.'s Mem. at 3.) Plaintiff alleges that Defendant intentionally made false and misleading statements about the safety of Prempro both on its label and through various marketing practices. (R. 1, Am. Compl. ¶¶ 113-24 (detailing marketing practices).) Specifically, Plaintiff alleges that Defendant "disseminated" materials that falsely and deceptively misrepresented numerous material facts regarding their hormone therapy drugs, "including, but not limited to . . . . the presence and adequacy of the testing . . . both pre- and post-marketing; the severity and frequency of adverse health effects caused by the hormone therapy drugs; the range of injuries caused by the hormone therapy drugs; and the lack of any reliable science to support representations about the benefits of hormone therapy." (*Id.* ¶ 121.)

Under Illinois law, the elements of common-law fraud are "'(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement.'" *Tricontinental Indus. Ltd. v PricewaterhouseCoopers, LLP*, 475 F.3d 824, 841 (7th Cir. 2007) (quoting *Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 496, 221 Ill. Dec. 389, 675 N.E.2d 584 (1996)).

Here, Defendant makes four arguments in favor of summary judgment on the fraud claim.[1] First, Defendant argues that Plaintiff "adduces no evidence that Wyeth made false material statements." (R. 84, Def.'s Mem. at 3-4.) Defendant reasons that "it is undisputed that the Prempro labeling was scientifically accurate, that it reflected the then-existing scientific knowledge, and that Wyeth did not withhold any information from the FDA." (*Id.* at 4 (citing Def.'s 56.1 Stmnt. ¶ 35).) Defendant relies exclusively on testimony from another case, in which Dr. Suzanne Parisian, one of Plaintiff's designated experts, stated on cross-examination that the label "is

---

[1] Defendant appears to raise a fifth ground in its reply, namely that there is "no evidence of intent." (R. 165, Def.'s Reply at 4.) Because Defendant raised this argument for the first time in its reply brief, it is waived. *See, e.g. Broaddus v. Shields*, 665 F.3d 846, 854 (7th Cir. 2011) (applying the "well-established" rule that "arguments raised for the first time in a reply brief are waived").

not false." (*Id.* (citing Def.'s 56.1 Stmnt. ¶ 35).)

As an initial matter, contrary to Defendant's contention, Plaintiff *does* dispute Defendant's statement that the label was accurate. (*See* R. 137, Pl.'s 56.1 Stmnt. Resp. ¶ 35.) Furthermore, Defendant's reliance on an excerpted portion of Dr. Parisian's prior testimony, from another case, is unpersuasive. Not only does Defendant present the testimony out of context (by, for instance, omitting her direct testimony[2]), but Dr. Parisian's testimony, particularly in another case, cannot bind this Plaintiff, or otherwise show the absence of any genuine issue of material fact in this case. *See* Fed. R. Civ. P. 56(a). More fundamentally, Defendant's argument fails to meet the breadth of Plaintiff's fraud claim. Even if the labeling was "accurate" – a point that the parties dispute – Plaintiff's allegations of fraud go well beyond the literal truth or falsity of the Prempro label. (Am. Compl. ¶¶ 113-24 (alleging fraud through false and/or misleading statements in the label and in connection with myriad marketing materials and practices).) For all of these reasons, Defendant has plainly failed to meet its initial burden of production. *See Creditor's Committee of Jumer's Castle Lodge, Inc. v. Jumer*, 472 F.3d 943, 946 (7th Cir. 2007) (stating that the "party moving for summary judgment has the initial burden of informing the court of the basis for its motion, and identifying those portions of [the record that] it believes demonstrate the absence of a genuine issue of material fact") (internal quotation marks, citation and alterations omitted); *Manuele v. City of Springfield*, 718 F. Supp. 2d 939, 946 (C.D. Ill. 2010) (holding that the movant's "bare-bones, undeveloped argument does not sustain [its] initial burden of demonstrating that there is no genuine issue of material fact for trial"); *Mombourquette ex rel. Mombourquette v. Amundson*, 469 F. Supp. 2d 624, 654 (W.D. Wis. 2007) (holding that movant failed to carry initial burden, where movant's argument was too narrow and undeveloped).

Second, Defendant argues that "Plaintiff has not identified any statement that Wyeth or its representatives made to her physician (or to her) with knowledge that it was false."[3] (R. 84, Def.'s Mem. at 4.) Defendant reasons, in its entirety, that "[e]ven though the discovery record in hormone therapy litigation now comprises millions of pages of documents and tens of thousands of pages of deposition and trial testimony, nothing supports the charge that Wyeth knew that Prempro involved undisclosed risks, much less intended to mislead prescribers." (*Id.* at 5 (emphasis omitted).) Defendant does not, however, discuss any portion of the discovery record, but instead devotes the remainder of its argument to the conduct of certain plaintiffs in *other cases*. (*Id.* at 5.) Under these circumstances, Defendant, as the moving party, has failed to meet its initial burden under Rule 56. *See Trentadue v. Redmon,* 619 F.3d 648, 652 (7th Cir. 2010) (observing that the burden does not shift to the non-moving party until the moving party has "shown that the facts entitle them to judgment in their favor"); *Baldonado v. Wyeth*, No. 04-4312, 2012 WL 729228, at *5 (N.D. Ill. Mar. 6, 2012) (citing *Kasalo v. NCSPLUS Inc.*, No. 10 C 1643, 2011 WL 2582195, at *3 (N.D. Ill. June 27, 2011) (holding that movant failed to meet its initial burden, where the movant stated merely that there is no evidence supporting the non-movant's claim) (citing *Celotex*, 477 U.S. at 328 (White, J., concurring) ("[I]t is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case."))).

Third, Defendant argues that the record contains "no evidence" that Plaintiff or her prescribing physicians "relied on any false statements from Wyeth." (R. 84, Def.'s Mem. at 6.) The Court recently rejected this same

---

[2] *Scroggin v. Wyeth*, Trial Tr. at 1303-04 (direct testimony of Dr. Parisian that the Prempro label was misleading, unclear, and confusing) (2008).

[3] Defendant's argument seems to be more appropriately made in a motion to dismiss for failure to plead fraud with particularity, rather than the present motion for summary judgment. *Compare* Fed. R. Civ. P. 9(b) (party alleging fraud must state with particularity the circumstances constituting the fraud) *with* Fed. R. Civ. P. 56(a) (moving party must show no genuine dispute as to any material fact and its entitlement to judgment as a matter of law). Defendant has not moved to dismiss, and in any event, the time to do so has long expired. *See* Fed. R. Civ. P. 12(h).

argument in denying Defendant's motion to exclude Plaintiff's marketing experts. (R. 206.) In that motion, as here, Defendant relied on heavily excerpted deposition testimony of Plaintiff and her prescribing physicians, but presented out of context. The Court rejected the argument, as it does again, because:

> Although the doctors may have stated that they did not rely on marketing materials, the doctors gave that testimony in the context of explaining that the decision to prescribe Prempro to Plaintiff was an exercise of independent medical judgment. This context is significant because throughout their depositions, the doctors explained that marketing activities and information from drug companies underlie and inform, at least in part, the exercise of their medical judgment.

(R. 206 at 7 & n.3 (citing record evidence).)

Finally, Defendant argues – apparently as a separate ground for summary judgment – that "Plaintiff has failed to offer any evidence that Plaintiff was prescribed Prempro for off-label use." (R. 84, Def.'s Mem. at 7 (citing 56.1 Stmnt. ¶ 14).) For this reason, Defendant concludes, the "evidence establishes that Plaintiff took Prempro for the treatment of her menopausal symptoms, an ***approved*** indication." (*Id.* (bold and italics in original).) Defendant does not explain how its characterization of the record, even if true, entitles Defendant to summary judgment on Plaintiff's fraud claim. Indeed, Defendant offers no elaboration whatsoever, and its argument is therefore unpersuasive. *See* Fed. R. Civ. P. 56(a) (stating that the moving party must show its entitlement to judgment as a matter of law).

Accordingly, Defendant's motion for summary judgment on the fraud claim is denied.

## II.  Negligent Misrepresentation (Count V)

Defendant also seeks partial summary judgment on Plaintiff's negligent misrepresentation claim, but does not advance any independent argument as to that claim. Instead, Defendant relies on the same arguments that it advances in support of summary judgment on the fraud claim. *See Wafra Leasing Corp. 1999-A-1 v. Prime Capital Corp.*, No. 01 C 4314, 2004 WL 1977572, at *11 (N.D. Ill. Aug. 31, 2004) (observing that the elements of negligent misrepresentation and fraud are "essentially the same"). Because Defendant is not entitled to summary judgment on the fraud claim, neither is Defendant entitled to summary judgment on the negligent misrepresentation claim.

As such, Defendant's motion for summary judgment on the negligent misrepresentation claim is denied.

## III.  Breach of Express Warranty (Count IV)

Finally, Defendant moves for summary judgment on Plaintiff's breach of express warranty claim. (R. 84, Def.'s Mem. at 7.) Plaintiff alleges that Defendant warranted that its "hormone therapy products were both efficacious and safe for the intended use." (Am. Compl. ¶ 102.) Plaintiff alleges that "these warranties came in the form" of

> (i) Publicly-made written and verbal assurances of the safety and efficacy of hormone therapy drugs,
> (ii) Press releases, interviews and dissemination via the media of promotional information . . . ,
> (iii) Verbal assurances . . . regarding hormone therapy . . . ,
> (iv) False and misleading written information . . . published in the Physicians Desk Reference . . . ,
> (v) Promotional pamphlets and brochures . . . directed to consumers, [and]
> (vi) Advertisements.

(*Id.* ¶¶ 102(i)-(vi).) Plaintiff further alleges that Defendant's "hormone therapy drugs do not conform to these express representations in that they are neither safe nor effective and use of such drugs produce serious adverse

side effects." (*Id.* ¶ 103.)

The Illinois Uniform Commercial Code provides that "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." 810 ILCS 5/2-313(a). Thus, under Illinois law, "[t]o state a claim for breach of express warranty, the buyer must allege that the seller made: (1) an affirmation of fact or promise made to the plaintiff; (2) relating to the goods; (3) which becomes part of the basis of the bargain; and (4) guaranteeing that the goods will conform to the affirmation or promise." *Pressalite Corp. v. Matsushita Elec. Corp. of Am.*, No. 02 C 7086, 2003 WL 1811530, at *2 (N.D. Ill. Apr. 4, 2003) (quoting *Int'l Bhd. of Teamsters Local 734 Health & Welfare Trust Fund v. Phillip Morris, Inc.*, 34 F. Supp. 2d 656, 664 (N.D. Ill. 1998)); *see also Thacker v. Menard, Inc.*, 105 F.3d 382, 385 (7th Cir. 1997) (citing 810 ILCS 5/2-313).

Here, Defendant advances two arguments in support of its motion, neither of which is availing. First, Defendant argues that it "did not provide an express warranty for Prempro," as its label and other materials "did not promise doctors or patients any specific outcomes, such as guaranteed heath benefits or no side effects." (R. 84, Def.'s Mem. at 9.) Defendant offers no citation to the factual record, but instead focuses on the complaint, which, according to Defendant, "fails to identify any specific statement by Wyeth about Prempro that forms the basis of Plaintiff's breach of express warranty claim." (*Id.*) With no citation to the record, and by erroneously focusing on the allegations in the complaint rather than the factual record adduced during discovery, Defendant has again failed to meet its initial burden under Rule 56 "to show there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Baldonado*, 2012 WL 729228, at *5 (citing *Kasalo,* 2011 WL 2582195, at *3).

Second, Defendant argues that "there is no evidence that Plaintiff's doctors **relied** on any [express warranty] in prescribing hormone therapy for Plaintiff." (R. 84, Def.'s Mem. at 10 (bold and italics in original).) According to Defendant, both of Plaintiff's prescribing physicians "testified that they did not rely on any Wyeth marketing or sales materials when making their respective decisions to prescribe Prempro to Plaintiff." (*Id.*) The Court previously rejected this same argument as misleading and unpersuasive, and rejects its again now for the same reasons. (*See supra* at pages 3-4; R. 206 at 7 & n.3.)

Accordingly, Defendant's motion for summary judgment on the breach of express warranty claim is denied.

## CONCLUSION

Defendant's motion for summary judgment is denied in its entirety. Nothing in this Order precludes either party from moving for judgment as a matter of law, in accordance with Rule 50, based on the evidence adduced at trial. *See* Fed. R. Civ. P. 50.