# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4312 | **DATE** | 7/17/2012 |
| **CASE TITLE** | Baldonado vs. Wyeth | | |

**DOCKET ENTRY TEXT**

Defendant's Motion for Partial Summary Judgment on Plaintiff's Design Defect Claim [90] is granted.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendant's Motion for Partial Summary Judgment on Plaintiff's Design Defect Claim. (R. 90.) Defendant's motion is granted.

On June 28, 2004, Plaintiff Jo Belle Baldonado commenced this action against Defendant Wyeth and others, alleging that the prescription medication Prempro promoted the development of her breast cancer. As relevant to the present motion, Count II of the Amended Complaint asserts a products liability claim for design defect. (Am. Compl. ¶¶ 90(a), (c).) The Court presumes familiarity with the underlying factual and procedural history of this litigation, and incorporates its prior written orders herein by reference. (R. 125, 177, 205, 229.)

On February 21, 2012, Defendant filed the present motion for summary judgment on Plaintiff's design defect claim, arguing that Plaintiff "predicates her design defect claim on the existence of a 'safer alternative, [b]ut Plaintiff fails to adduce any evidence that there was a safer alternative design to Prempro." (R. 91 at 1.) Defendant argues that the opinions of Plaintiff's "designated experts" – Drs. Wayne Tilley and Donald Austin – are unavailing. (*Id.* at 2; *see also* R. 92, Def.'s 56.1 Stmnt. ¶ 13.) Plaintiff filed her response on March 19, 2012, coming forward with two proposed alternative designs to Prempro: (1) a drug that consists of Premarin and oral micronized progesterone; and (2) low dose Prempro. (R. 134 at 3-4.) Significantly, Plaintiff relies exclusively on the expert opinions of Drs. Austin and Tilley to support her proposed alternative designs. Plaintiff does not rely upon, or otherwise discuss, Dr. Suzanne Parisian, an expert who Plaintiff represents that she previously designated to opine on safer alternatives to hormone therapy. Defendant replied on April 9, 2012. (R. 158.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

On May 30, 2012, after the motion for summary judgment was fully briefed, and after the Court scheduled *Daubert* hearings as to Drs. Austin and Tilley, Plaintiff withdrew Drs. Austin and Tilley as experts in this case. (R. 218, 224.) This withdrawal left Plaintiff's response to the motion devoid of expert support. Although Illinois law may not require expert opinion in *every* design defect case, *see Baltus v. Weaver Div. of Kiddie & Co., Inc.*, 199 Ill. App. 3d 821, 834, 145 Ill. Dec. 810, 557 N.E.2d 580 (1990), where, as here, a design claim involves "an alleged defect in a complex product, an expert is needed to aid the jury's understanding of the defect." *Niehaus v. United Seating & Mobility, Inc.*, No. 10-CV-160, 2011 WL 5325652, at *3 (N.D. Ill. Nov. 3, 2011) (motorized wheelchair); *Muller v. Synthes Corp.*, No. 99 C 1492, 2002 WL 460827, at *6 (N.D. Ill. Mar. 26, 2002) (medical implant); *Volpe v. IKO Indus., Ltd.*, 327 Ill. App. 3d 567, 261 Ill. Dec. 621, 763 N.E.2d 870, 878-79 (Ill. App. Ct. 2002) (deflator device in oxidizer tank). Indeed, the design of hormone therapy prescription medications "involve[s] specialized knowledge or expertise outside of a layman's knowledge," and thus Plaintiff must present expert evidence to survive summary judgment. *Salerno v. Innovative Surveillance Tech., Inc.*, 402 Ill. App.3d 490, 342 Ill. Dec. 210, 932 N.E.2d 101 (Ill. App. Ct. 2010) ("It is not enough for a plaintiff to simply say that there was a better way to design the product without such expert testimony."); *see also Gilmore v. Bayer Corp.*, No. 09-CV-986, 2012 WL 263093, at *2 (S.D. Ill. Jan. 27, 2012) (granting summary judgment on a prescription drug products liability action, where plaintiff failed to present expert opinion).

On May 31, 2012, following Plaintiff's withdrawal of Drs. Tilley and Austin, and in light of the need for expert support, the Court ordered Plaintiff to state whether she intended to pursue her design defect claims. (R. 227.) On June 6, 2012, Plaintiff advised that "she does intend to proceed with her design defect claim[, and] will offer evidence through her expert witness Dr. Suzanne Parisian that Prempro was defectively designed and that safer alternatives existed during the relevant time frame."[1] (R. 234.) Defendant responded that Plaintiff has "waived" her reliance on Dr. Parisian for purposes of defeating summary judgment. (R. 265.) The parties have since filed numerous supplemental briefs on that issue. (R. 271, 302, 321.)

The Court has reviewed the record and agrees with Defendant that Plaintiff cannot now – for the first time and months after briefing has closed – rely on the expert opinions of Dr. Parisian to defeat summary judgment. "As the Seventh Circuit consistently has stressed, summary judgment is 'not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.'" *Harris v. City of Chi.*, 665 F. Supp. 2d. 935, 952 (N.D. Ill. 2009) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005)); *see also Hansen v. Bd. of Trs. of Hamilton Southeastern Sch. Corp.*, 551 F.3d 599, 604 (7th Cir. 2008) (holding that the nonmovant "must come forward with specific facts showing that there is a genuine issue for trial") (quoting *Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006)). "It is not the responsibility of th[e] court to make arguments for the parties." *Vaughn v. King*, 167 F.3d 347, 354 (7th Cir. 1999).

---

[1] Plaintiff points out that she designated Dr. Suzanne Parisian as an expert on alternatives to hormone therapy, and that the Court "inaccurate[ly]" stated that Drs. Austin and Tilley are Plaintiff's "only" designated experts in that regard. (R. 321 (citing R. 227).) Any such misstatement is immaterial, and in any event, was based on the evidence that Plaintiff presented in her summary judgment filings. Plaintiff never discussed Dr. Parisian as a design defect expert until June 6, 2012. (R. 234); *see also Greer v. Bd. of Educ. of City of Chi.*, 267 F.3d 723, 727 (7th Cir. 2001) ("a lawsuit is not a game of hunt the peanut"); *DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999) ("A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record"); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Here, Plaintiff failed to come forward with, rely upon, or otherwise discuss Dr. Parisian's expert opinions in response to the motion for summary judgment. To the contrary, Plaintiff focused on Drs. Austin and Tilley, and indeed addressed only those experts in her Rule 56.1 Statement and Response. *See* Fed. R. Civ. P. 56(c)(3) ("the court need consider only the cited materials"); Local Rule 56.1(b)(2)(B), (C). Plaintiff cannot belatedly rely on Dr. Parisian's expert opinions to defeat a summary judgment motion that has been fully briefed for months. *See Massa v. I.C. Sys., Inc.*, No. 06-CV-207, 2008 WL 504329, at *4 (S.D. Ind. Feb. 21, 2008) (citing Wright, Miller & Kane, 10B Federal Practice and Procedure § 2739 (1998) ("the party opposing the summary-judgment motion does not have the right to withhold evidence until trial")); *Lloyd v. Rolls-Royce Corp.*, No. 011775, 2003 WL 23101791, at *3 (N.D. Ind. Aug. 26, 2003) (Hamilton, J.) ("A party opposing a motion for summary judgment is not entitled to hold back evidence until he files a surreply brief."); *Celex Grp., Inc. v. Exec. Gallery, Inc.*, 877 F. Supp. 1114, 1125 (N.D. Ill. 1995) (holding that the non-movant "may not hold back evidence until trial but rather must present sufficient evidence to show that there is a triable issue"); *Camelot Care Ctrs. v. Planters Lifesavers Co.*, 836 F. Supp. 545, 554 (N.D. Ill. 1993) ("[T]he opponent of a Rule 56 motion cannot 'hold back' evidence—if the motion is lost there is no second chance.") (quoting *Santella v. Grishaber*, 654 F. Supp. 428, 436-37 (N.D. Ill. 1987)); *Factofrance Heller v. I.P.M. Precision Mach. Co.*, 627 F. Supp. 1412, 1416 (N.D. Ill. 1986) ("a litigant cannot simply hold back evidence on a summary judgment motion"); *Refrigeration Sales Co.*, 605 F. Supp. 6, 8 (N.D. Ill. 1983) (party may not engage in a "piecemeal presentation" of evidence); *accord Domka v. Portage Cnty.*, 523 F.3d 776, 783 (7th Cir. 2008) ("It is a well settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.").

In resisting this conclusion, Plaintiff argues that Defendant had notice of Dr. Parisian's expert opinions and would not be prejudiced by allowing this claim to proceed to trial. Even if these arguments are relevant, they are unpersuasive. *See Refrigeration Sales*, 605 F. Supp. at 9 ("On any issue in a summary judgment motion, as on any issue at trial, each party is entitled to one bite at the apple."). This case has been pending since 2004, and Plaintiff made a strategic decision to withdraw Drs. Tilley and Austin soon after the Court scheduled *Daubert* hearings on the admissibility of their testimony. (R. 211, 218, 222, 224.) Plaintiff's manner of proceeding in this case has included a "pattern of withdrawing expert witnesses shortly before their scheduled hearing dates [resulting in] a waste of unnecessary resources in preparation for the hearings." (R. 223, Minute Order.) Trial is set for October 9, 2012, and important considerations underlie the requirement that Plaintiff, as non-moving party, show her hand in response to a properly supported motion for summary judgment. *See Engl v. Aetna Life Ins. Co.*, 139 F.3d 469, 473 (2d Cir. 1943) (Clark, J.) ("If one may thus reserve one's evidence when faced with a motion for summary judgment there would be little opportunity 'to pierce the allegations of fact in the pleadings' or to determine that the issues formally raised were in fact sham or otherwise unsubstantial. It is hard to see why a litigant could not then generally avail himself of this means of delaying presentation of his case until the trial."). To the extent Plaintiff attempts to appeal to notions of fairness (R. 321 at 1), any perceived unfairness was of Plaintiff's own making: she did not rely on Dr. Parisian in defense of her claim, and then voluntarily withdrew the only two experts upon which she did rely, months after the briefing scheduled had closed, but before a ruling. *See Garcia v. Vill. of Mt. Prospect*, 360 F.3d 630, 644 (7th Cir. 2004) ("a plaintiff is free to pursue his claims strategically, but he must abide by the consequences of those choices").

Because Plaintiff has not adduced any admissible expert testimony in response to the motion for summary judgment, Defendant "is entitled to judgment as a matter of law" on the design defect claim. Fed. R. Civ. P. 56(a); *see also Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 898 (7th Cir. 2011) (affirming summary judgment on design claim, where plaintiff failed to present admissible expert testimony in support of that claim); *Show v. Ford Motor Co.*, 659 F.3d 584, 588 (7th Cir. 2011) ("Design-defect litigation under Illinois law requires many additional questions to be resolved; consumers' expectations are just factors included within the scope of the broader risk-utility test and the absence of expert evidence on these additional subjects, some of which we have mentioned, is fatal to plaintiffs' suit."); *Gilmore*, 2012 WL 263093, at *2 ("Typically, a failure by a plaintiff

alleging a claim for strict products liability or negligence to produce expert testimony of a defect in a product is held to demonstrate the absence of genuine issues of material fact in summary judgment proceedings.") (collecting cases); *Cappellano v. Wright Med. Grp., Inc.*, 838 F. Supp. 2d 816, 831 (C.D. Ill. Jan. 23, 2012) ("expert testimony regarding the product's unreasonable dangerousness is required if the product is complex and beyond a lay jury's understanding"); *Phillips v. The Raymond Corp.*, No. 99 C 2152, 2006 WL 1156375, at *3 (N.D. Ill. Apr. 25, 2006) (citing *Klootwyk v. DaimlerChrysler Corp.*, No. 01 C 6127, 2003 WL 21038417, at *3 (N.D. Ill. May 7, 2003) ("In a case such as this one, Plaintiff needed to offer expert testimony to attest to the fact that the driver-side air bag was unreasonably dangerous, as this claim involves technical matters beyond the common knowledge and experience of jurors.")); *Muller v. Synthes Corp.*, No. 99 C 1492, 2002 WL 460827, at *6 (N.D. Ill. Mar. 26, 2002) ("The question of the design parameters of a medical implant . . . is one that goes beyond the knowledge that the average lay person reasonably could be expected to possess. Accordingly, competent proof on this issue requires expert testimony.") (citing, *inter alia*, *Baltus v. Weaver Div. of Kidde Co.*, 557 N.E.2d 580, 588-89 (Ill. Ct. App. 1990)).

      Accordingly, Defendant's motion for partial summary judgment is granted.