# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JOBELLE BALDONADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 1:04-cv-04312 |
| | ) | |
| WYETH, et al., | ) | Honorable Amy J. St. Eve |
| | ) | |
| Defendants. | ) | |

## REVISED PROPOSED JURY INSTRUCTIONS

Pursuant to this Court's August 28, 2012 order, the parties hereby submit the following

Revised Proposed Jury Instructions, with objections noted, where applicable:

Respectfully submitted,

/s/  Nathan E. Hoffman
Dan K. Webb
Erik W. Snapp
Nathan E. Hoffman
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
nhoffman@winston.com

*Attorneys for Wyeth*

/s/ Bryan F. Aylstock
AYLSTOCK, WITKIN, KREIS &
OVERHOLTZ, PLLC
17 E. Main Street, Suite 200
Pensacola, FL 32502
baylstock@awkolaw.com

Zoe B. Littlepage
Rainey C. Booth
LITTLEPAGE BOOTH
2043A W. Main Street
Houston, TX 77098
zoe@littlepagebooth.com

*Attorneys for Plaintiff*

**Proposed Jury Instruction # 1**

## Functions of the Court and the Jury

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in this case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Source:  *Seventh Circuit Federal Civil Jury Instructions* 1.01 (2005 rev.)

**Proposed Jury Instruction # 2**

**All Litigants Equal Before the Law**

      In this case the defendant is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

Source: *Seventh Circuit Federal Civil Jury Instructions* 1.03 (2005 rev.)

**Proposed Jury Instruction # 3**

**<u>Evidence</u>**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

Source:  *Seventh Circuit Federal Civil Jury Instructions* 1.04 (2005 rev.)

**Proposed Jury Instruction # 4**

**<u>Deposition Testimony</u>**

During the trial, certain testimony was presented to you by the reading of depositions and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Source: *Seventh Circuit Federal Civil Jury Instructions* 1.05 (2005 rev.)

**Proposed Jury Instruction # 5**

**<u>What Is Not Evidence</u>**

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  This includes any press, radio, Internet or television reports you may have seen or heard.  Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Source:  *Seventh Circuit Federal Civil Jury Instructions* 1.06 (2005 rev.)

**Proposed Jury Instruction # 6**

**Note-Taking**

       Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Source: *Seventh Circuit Federal Civil Jury Instructions* 1.07 (2005 rev.)

**Proposed Jury Instruction # 7**

**<u>Limited Purpose of Evidence</u>**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Source: *Seventh Circuit Federal Civil Jury Instructions* 1.09 (2005 rev.)

**Proposed Jury Instruction # 8**

<u>**Weighing the Evidence**</u>

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case

Source: *Seventh Circuit Federal Civil Jury Instructions* 1.11 (2005 rev.)

**Proposed Jury Instruction # 9**

<u>**Definition of "Direct" and "Circumstantial" Evidence**</u>

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Source: *Seventh Circuit Federal Civil Jury Instructions* 1.12 (2005 rev.)

**Proposed Jury Instruction # 10**

**Testimony of Witnesses (Deciding What to Believe)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Source: *Seventh Circuit Federal Civil Jury Instructions* 1.13 (2005 rev.)

**Proposed Jury Instruction # 11**

**Prior Inconsistent Statements or Acts**

You may consider statements given by either party or witnesses under oath before trial as evidence of the truth of what the party said in the earlier statements, as well as in deciding what weight to give the party's testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Source: *Seventh Circuit Federal Civil Jury Instructions* 1.14 (2005 rev.)

**Note:** Depending on what happens at trial, this instruction may not be applicable.

**Proposed Jury Instruction # 12**

<u>**Number of Witnesses**</u>

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a large number.  You need not accept the testimony of the larger number of witnesses.

Source:  *Seventh Circuit Federal Civil Jury Instructions* 1.17 (2005 rev.)

**Proposed Jury Instruction # 13**

<u>**Expert Witnesses**</u>

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Source: *Seventh Circuit Federal Civil Jury Instructions* 1.21 (2005 rev.)

**Proposed Jury Instruction # 14**

**<u>Demonstrative Exhibits</u>**

Certain models, diagrams, sketches, and other demonstrative aids have been shown to you. These demonstrative aids are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Source: *Seventh Circuit Federal Civil Jury Instructions* 1.24 (2005 rev.)

**Proposed Jury Instruction # 15**

**<u>Burden of Proof</u>**

When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which the party has the burden of proof is more probably true than not true.

Source:  *Illinois Pattern Jury Instruction – Civil* 21.01

**Proposed Jury Instruction # 16**

**<u>Clear and Convincing Evidence</u>**

When I say that a particular party must prove something by "clear and convincing evidence," this is what I mean: When you have considered all of the evidence, you have no reasonable doubt that it is true.

Source: *Seventh Circuit Federal Civil Jury Instructions* 1.28 (2005 rev.)

**Plaintiff's Proposed Jury Instruction # 17**

<u>**Proximate Cause**</u>

When I use the expression "proximate cause," I mean a cause which, in the natural or ordinary course of events produced or promoted Plaintiff JoBelle Baldonado's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

Source: *Illinois Pattern Jury Instruction – Civil* 15.01 (2009 rev.); 400.04 (modified).

**Wyeth's Objection:** Wyeth objects to this proposed instruction as contrary to Illinois law. Plaintiff has no Illinois authority or precedent for giving this instruction, which injects Plaintiff's theory of "promotion" into Illinois's standard of causation. Use of the term "promotion" (or its variants) in a "proximate cause" instruction is improper because "promotion" is a scientific term that has been given different (sometimes contradictory) meanings by the experts in this case (as will be demonstrated at trial). Plaintiff's proposed instruction is simple advocacy couched in the form of a jury instruction, endorsing her meaning of a disputed scientific term that lies at the heart of this case.

**Wyeth's Proposal:**

**<u>Proximate Cause</u>**

When I use the expression "proximate cause," I mean a cause which, in the natural or ordinary course of events produced Plaintiff JoBelle Baldonado's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

Source: *Illinois Pattern Jury Instruction – Civil* 15.01 (2009 rev.); 400.04

**Plaintiff's Reasons Supporting Her Instruction as Proposed and Objecting to Wyeth's Proposal**:  Plaintiff has modified the pattern instruction with only two words "or promoted" which is the theory of causation that she is pursuing.  There is no advocacy within this proposed instruction.

**Proposed Jury Instruction # 18**

**"Road Map" Instruction**

The Plaintiff, JoBelle Baldonado, has asserted a number of claims against the Defendant, Wyeth.  You must consider each of the following claims separately.  After I read this summary, I will instruct you on what each claim means and what must be proved.

First, Plaintiff JoBelle Baldonado claims that Defendant Wyeth was negligent and that Wyeth's negligence was a proximate cause of her injuries.  Wyeth denies that it was negligent and denies that any actions by Wyeth proximately caused Plaintiff's injuries.

Second, JoBelle Baldonado claims that she was injured as a result of the use of Prempro and claims that there existed in Prempro, at the time it left the control of Wyeth, a defective condition (defective marketing and inadequate warning) which made the product unreasonably dangerous.  Wyeth denies that its marketing of Prempro was defective and that its warnings for Prempro were inadequate and therefore denies that Prempro was unreasonably dangerous when it left Wyeth's control.

Third, JoBelle Baldonado claims that she was injured as a result of the use of Prempro and that the drug, in causing Plaintiff's injury, did not operate as Wyeth had expressly warranted or promised that it would.  Wyeth denies that it made any express warranties in regard to Prempro, denies that it had any contractual relationship with Plaintiff, and denies that JoBelle Baldonado was injured as a result of her use of Prempro.

Fourth, JoBelle Baldonado claims that Wyeth negligently made false statements and negligently withheld information from her and her physicians, and that Wyeth's negligent misrepresentations were a proximate cause of her injuries.  Wyeth denies that it made false statements or withheld information from Plaintiff or her physicians and denies that any actions by Wyeth proximately caused JoBelle Baldonado's injuries.

Fifth, JoBelle Baldonado claims that Wyeth committed fraud and that its fraudulent conduct was a proximate cause of her injuries.  Wyeth denies that it committed fraud and denies that any conduct by Wyeth was a proximate cause of Plaintiff's injuries.

Sixth, JoBelle Baldonado claims that Wyeth's acts and omissions constitute gross negligence, which proximately caused her injuries.  Wyeth denies that any of its actions or omissions constitute gross negligence and denies that any actions or omissions by Wyeth were a proximate cause of JoBelle Baldonado's injuries.

**Proposed Jury Instruction # 19**

**<u>Negligence - Issues</u>**

Plaintiff JoBelle Baldonado claims that she was injured and sustained damage, and that Defendant Wyeth was negligent in one or more of the following respects:

(1)     Failing to adequately warn about the risk of breast cancer associated with Prempro that was known or knowable to Wyeth;

(2)     Failing to adequately test and research to determine the safety of Prempro; or

(3)     Failing to exercise ordinary care in the research, labeling, marketing and promotion of Prempro.

Plaintiff JoBelle Baldonado further claims that Wyeth's negligence was a proximate cause of her injuries.

Wyeth denies that it failed to adequately warn about the risk of breast cancer associated with Prempro.

Wyeth further denies that it failed to adequately test or research to determine the safety of Prempro.

Wyeth further denies that it failed to exercise ordinary care in the research, labeling, marketing and promotion of Prempro.

Source:  *Illinois Pattern Jury Instruction – Civil* 20.01

**Proposed Jury Instruction # 20**

**<u>Burden of Proof on the Issues - Negligence</u>**

Plaintiff JoBelle Baldonado has the burden of proving each of the following propositions:

First, that Defendant Wyeth acted or failed to act in one of the ways claimed by JoBelle Baldonado as stated to you in these instructions and that is so acting, or failing to act, Wyeth was negligent;

Second, that Plaintiff JoBelle Baldonado was injured.

Third, that Defendant Wyeth's negligence was a proximate cause of Plaintiff JoBelle Baldonado's injury and damages.

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for Plaintiff JoBelle Baldonado on this issue. On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for Wyeth on this issue.

Source: *Illinois Pattern Jury Instructions - Civil* 21.02

**Proposed Jury Instruction # 21**

**Negligence – Definition**

When I use the word "negligence" in these instructions, I mean the failure to do something which a reasonably careful drug company would do, or the doing of something which a reasonably careful drug company would not do, under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful drug company would act under the circumstances. That is for you to decide.

Source: *Illinois Pattern Jury Instruction – Civil* 10.01

**Proposed Jury Instruction # 22**

**<u>Ordinary Care—Definition</u>**

When I use the words ordinary care, I mean the care a reasonable careful drug company would use under circumstances similar to those shown by the evidence. The law does not say how a reasonable careful drug company would act under those circumstances. That is for you to decide.


Source: *Illinois Pattern Jury Instruction – Civil* 10.02

**Proposed Jury Instruction # 23**

**<u>Negligence and Strict Product Liability Duty to Warn – Learned Intermediary Doctrine</u>**

The drug involved in this case can only be obtained with a prescription from a physician. For this reason, Defendant Wyeth has a duty to adequately warn only Plaintiff JoBelle Baldonado's physicians of the dangers of which Defendant Wyeth knew, or in the exercise of ordinary care should have known, at the time the drug left Defendant Wyeth's control. Defendant Wyeth has no duty to warn the user directly.

Source:  *Illinois Pattern Jury Instruction – Civil* 400.07B (2007 rev.)

**Plaintiff's Proposed Jury Instruction # 24**

**<u>Adequacy of Warning – Definition</u>**

In determining whether a warning is adequate, you may consider whether the warnings are sufficient in form, content and intensity. The adequacy of a warning is measured not only by what is stated, but also by the manner in which it is stated. Warnings may be inadequate if they do not specify or adequately quantify the risk presented by the product. A warning should be judged by whether it sufficiently apprised physicians of the risks and benefits associated with use of the drug. It is for you to determine whether a warning is adequate or not.

Source: *Giles v. Wyeth Pharmaceutical, Inc.* 500 F.Supp 2d 1063, 1065, (S.D. Ill. 2007)*; Woodbury v. Janssen Pharm, Inc.*, 1997 WL 201571, at *7 (N.D. Ill. Apr. 10, 1997); *Mahr v. G.D. Searle & Co.*¸72 Ill. App. 3d 540, 390 N.E.2d 1214, 1229 (Ill.App.Ct. 1979); *Martin v. Orth Pharm.*, 268 Ill.App.3d 980, 645 N.E.2d 431, 436; *Pell v. Victor J. Andrew High School*, 123 Ill.App.3d 423, 462 N.E.2d 858, 861 (Ill. App. Ct. 1984).

**Wyeth's Objection:**  Wyeth objects to Plaintiff's Proposed Jury Instruction # 24 on the grounds that it does not appear in the Illinois Pattern Instructions and is a misstatement of Illinois law.  It is therefore improper and should not be given.

**Plaintiff's Reasons Supporting Her Instruction as Proposed**:  There are several of Wyeth's proposed instructions that do not appear in the Illinois Pattern Instructions.  Plaintiff agrees to remove this instruction if all non-pattern instructions are removed.  Otherwise, it is proper statement of Illinois law and should be included.

**Proposed Jury Instruction # 24A**

**<u>FDA Approval</u>**

Before a prescription drug can be sold, it must be approved by the Federal Food and Drug Administration, or FDA. Its label must also be approved by the FDA. You may consider the FDA's approval of the Prempro label, but it does not necessarily establish that it was adequate.

**Plaintiff's Proposed Jury Instruction # 25**

**<u>Strict Product Liability – Issues</u>**

JoBelle Baldonado claims that she was injured as a result of the use of Prempro and claims that there existed in Prempro, at the time it left the control of Wyeth, a condition which made the product unreasonably dangerous in that:

    (a)    Wyeth failed to adequately warn of a danger or failed to adequately instruct on the proper use of Prempro;

    (b)    Prempro's risks outweighed its benefits when used in its intended or reasonably foreseeable ways;

JoBelle Baldonado further claims that one or more of the foregoing conditions was a proximate cause of her injuries.

Wyeth denies that it failed to adequately warn of the risk of breast cancer associated with the use of Prempro and denies that Prempro's risks outweigh its benefits when used as intended.

Source: *Illinois Pattern Jury Instructions – Civil* 400.01 (Dec. 2007 rev.)

**Wyeth's Objection:** Wyeth objects to subpart (b), which relates solely to design defect, a claim which has been dismissed. *See* Order on Wyeth's Motion for Partial Summary Judgment on Plaintiff's Design Defect Claim, Dkt. # 324. Wyeth further objects to the phrase "failed to adequately instruct on the proper use of Prempro" because failure to adequately instruct on the proper use of Prempro is not at issue in this case.


**Wyeth's Proposal:**

<u>**Strict Product Liability – Issues**</u>

Plaintiff JoBelle Baldonado claims that she was injured as a result of her use of Prempro and claims that there existed in Prempro at the time it left the control of Wyeth a condition which made the product unreasonably dangerous in that Wyeth failed to adequately warn about a risk of breast cancer associated with the use of Prempro.

JoBelle Baldonado further claims that the foregoing condition was a proximate cause of her injuries.

Wyeth denies that it failed to adequately warn about a risk of breast cancer associated with the use of Prempro.


Source: *Illinois Pattern Jury Instructions – Civil* 400.01 (Dec. 2007 rev.)

**Plaintiff's Reasons Supporting Her Instruction as Proposed and Objecting to Wyeth's Proposal:** Plaintiff does not agree to remove "proper use of Prempro" from the instruction. Although the Court has excluded off-label promotion, this phrase is in the instruction is proper as a cardiac benefit was part of the risk/benefit profile assessment of each prescriber. Further, subpart (b) is relevant to the defective marketing aspect of Plaintiff's strict liability claim and should be left in.

.

**Proposed Jury Instruction # 26**

**<u>Strict Product Liability –Burden of Proof</u>**

Plaintiff JoBelle Baldonado has the burden of proving each of the following propositions as to any one of the conditions:

First, that any one of the conditions claimed by Plaintiff JoBelle Baldonado as stated to you in these instructions existed in Prempro;

Second, that any such condition made Prempro unreasonably dangerous;

Third, that any such condition existed at the time Prempro left the control of Wyeth;

Fourth, that Plaintiff JoBelle Baldonado was injured;

Fifth, that the condition of Prempro was a proximate cause of JoBelle Baldonado's injuries.

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for Plaintiff JoBelle Baldonado. But if, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved, then your verdict should be for Wyeth.

Source: *Illinois Pattern Jury Instruction – Civil* 400.02 (Dec. 2007 rev.)

**Proposed Jury Instruction # 27**

**Strict Product Liability – Definition of "Unreasonably Dangerous"**

When I use the expression "unreasonably dangerous" in these instructions, I mean unsafe when put to a use that is reasonably foreseeable considering the nature and function of the product.

Source: *Illinois Pattern Jury Instruction – Civil* 400.06 (Dec. 2007 rev.)

**Proposed Jury Instruction # 28**

**<u>Breach of Express Warranty – Issues</u>**

Plaintiff JoBelle Baldonado claims that she was injured as a result of the use of Prempro and that the drug, in causing Plaintiff's injury, did not operate as Defendant Wyeth had promised it would. JoBelle Baldonado claims that Wyeth promised and warranted that Prempro was both effective and safe for its intended use. Plaintiff JoBelle Baldonado further claims that one or more of the foregoing was a proximate cause of her injuries and damages.

Defendant Wyeth denies that it made any promises or warranties regarding Prempro and further denies that Prempro was a proximate cause of Plaintiff JoBelle Baldonado's injuries. Wyeth further denies the existence of any contractual relationship between Plaintiff and Wyeth.

Source: 3-100 *Illinois Forms of Jury Instructions* § 100.20 (Matthew Bender & Co., Inc. 2012)

**Proposed Jury Instruction # 29**

**<u>Breach of Express Warranty – Burden of Proof</u>**

Plaintiff JoBelle Baldonado has the burden of proving each of the following propositions:

First, that Defendant Wyeth made representations of fact to Plaintiff's physicians about Prempro.

Second, that Prempro was defective when it left the possession of Wyeth because the drug did not conform to the representations of fact made by Wyeth.

Third, that Plaintiff's physicians relied on the representations of fact made by Wyeth in prescribing the product.

Fourth, that the product defect was a proximate cause of the injuries and damages sustained by Plaintiff JoBelle Baldonado.

If you find from your consideration of the evidence that each of these propositions has been proved, then your verdict should be for Plaintiff JoBelle Baldonado.  But if, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved, then your verdict should be for Wyeth.

Source: 3-100 *Illinois Forms of Jury Instructions* § 100.22 (Matthew Bender & Co., Inc. 2012); 810 ILCS § 5/2-313; 810 ILCS § 5/2-607; *Baldonado v. Wyeth*, 2012 WL 2254215, at *4 (N.D. Ill. June 15, 2012)

**Proposed Jury Instruction # 30**

**<u>Express Warranty – Definition</u>**

When I use the words "express warranty" I mean any affirmation of fact or promise made by Defendant Wyeth to Plaintiff JoBelle Baldonado's physicians about Prempro, or any description of Prempro, which is made part of the basis of the bargain that the drug will conform to that affirmation or promise or description.

It is not necessary to the creation of an express warranty that Wyeth use formal words such as "warrant" or "guarantee" or that Wyeth have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely Wyeth's opinion or commendation of the goods does not create a warranty.

Source: 3-100 *Illinois Forms of Jury Instructions* § 100.23 (Matthew Bender & Co., Inc. 2012) (modified); 810 ILCS § 5/2-313(1)(a) and (b).

**Plaintiff's Proposed Jury Instruction # 31**

**Negligent Misrepresentation – Issues**

Plaintiff JoBelle Baldonado claims that Defendant Wyeth negligently made false statements and negligently withheld from her and her physicians the true nature of the breast cancer risk from Prempro and the true facts of the benefits of Prempro. Plaintiff JoBelle Baldonado further claims that the statements made by Wyeth about the risk and benefits of Prempro were false. Plaintiff JoBelle Baldonado further claims that Wyeth withheld facts that it had a duty to disclose. Plaintiff JoBelle Baldonado further claims that her physicians prescribed Prempro and that she used Prempro in justifiable reliance on the truth of the statements. Plaintiff JoBelle Baldonado further claims that she sustained damages as the result of Defendant Wyeth's misrepresentations.

Wyeth denies that it negligently made false statements or negligently withheld from Plaintiff or her physicians the true nature of the breast cancer risk associated with the use of Prempro. Wyeth further denies that it negligently withheld facts that it had a duty to disclose. Wyeth also denies that Plaintiff's physicians prescribed Prempro, and that Plaintiff used Prempro, in justifiable reliance on the truth of any such statements and or that Plaintiff sustained damages as a result of any such negligent misrepresentations.

Source: *Illinois Pattern Jury Instruction – Civil* 800.01 (modified); 800.08 (modified); *Baldonado v. Wyeth*, 2012 WL 2254215, at *4 (N.D. Ill. June 15, 2012); *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 224 Ill.App.3d 559, 586 N.E.2d 600, 616 (Ill. App. 1991)

**Wyeth's Objection:**  Wyeth objects to this instruction to the extent that it refers to "benefits of Prempro" and risks of Prempro other than the breast cancer risk.  This Court has held that off-label promotion is not at issue in this case.  Order on Wyeth's MIL No. 2 to Bar Evidence of Advertising Materials With No Nexus to this Case, Dkt. # 288 ("Plaintiff has not pursued a theory of off-label promotion, nor does Plaintiff offer evidence in the record to suggest that off-label promotion has any connection to the material facts of this case.")  And Plaintiff has not alleged that she suffered any injury other than breast cancer.


**Wyeth's Proposal:**

## Negligent Misrepresentation – Issues

Plaintiff JoBelle Baldonado claims that Defendant Wyeth negligently made false statements and negligently withheld from her and her physicians the true nature of the breast cancer risk associated with the use of Prempro.  Plaintiff JoBelle Baldonado further claims that Defendant Wyeth negligently withheld facts that it had a duty to disclose.  Plaintiff JoBelle Baldonado further claims that her physicians prescribed Prempro and that she used Prempro in justifiable reliance on the truth of the statements.  Plaintiff JoBelle Baldonado further claims that she sustained damages as the result of Defendant Wyeth's negligent misrepresentations.

Wyeth denies that it negligently made false statements or negligently withheld from Plaintiff or her physicians the true nature of the breast cancer risk associated with the use of Prempro.  Wyeth further denies that it negligently withheld facts that it had a duty to disclose.  Wyeth also denies that Plaintiff's physicians prescribed Prempro, and that Plaintiff used Prempro, in justifiable reliance on the truth of any such statements and that Plaintiff sustained damages as a result of any such negligent misrepresentations.


Source: *Illinois Pattern Jury Instruction – Civil* 800.01 (modified); 800.08 (modified); *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 224 Ill.App.3d 559, 586 N.E.2d 600, 616 (Ill. App. 1991)

**Plaintiff's Reasons Supporting Her Instruction as Proposed and Objecting to Wyeth's Proposal:**  Plaintiff does not agree to remove "benefits of Prempro" from the instruction. Although the Court has excluded off-label promotion, this phrase is in the instruction is proper as a cardiac benefit was part of the risk/benefit profile assessment of each prescriber.  Plaintiff removed this sentence from her proposed instruction - Plaintiff JoBelle Baldonado further claims that Wyeth made the statements with the intent to induce Plaintiff JoBelle Baldonado or her physicians to use Prempro.  If Wyeth does not believe it is necessary, Plaintiff agrees to drop this sentence.

**Plaintiff's Proposed Jury Instruction # 32**

**<u>Negligent Misrepresentation – Burden of Proof</u>**

Plaintiff JoBelle Baldonado has the burden of proving each of the following propositions:

First, Defendant Wyeth made false representations or statements of material facts about the risks and benefits of Prempro;

Second, Plaintiff's physicians prescribed and Plaintiff used Prempro in justifiable reliance on the truth of the representations or statements;

Third, Plaintiff JoBelle Baldonado's damages resulted from Wyeth's misrepresentations.

If you find from your consideration of all the evidence that each of these propositions are more probably true than not true, then your verdict should be for Plaintiff JoBelle Baldonado. On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved as required in this instruction, then your verdict should be for Wyeth.

Source: *Illinois Pattern Jury Instruction – Civil* 800.09A (modified); *Baldonado v. Wyeth*, 2012 WL 2254215, at *4 (N.D. Ill. June 15, 2012); *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 224 Ill.App.3d 559, 586 N.E.2d 600, 616 (Ill. App. 1991)

**Wyeth's Objection:**  Wyeth objects to the disputed text as a misstatement of the burden of proof on the claim of negligent misrepresentation under Illinois law.  Wyeth objects also to this instruction to the extent that it refers to benefits of Prempro and risks of Prempro other than the breast cancer risk.  This Court has held that off-label promotion is not at issue in this case.  Order on Wyeth's MIL No. 2 to Bar Evidence of Advertising Materials With No Nexus to this Case, Dkt. # 288 ("Plaintiff has not pursued a theory of off-label promotion, nor does Plaintiff offer evidence in the record to suggest that off-label promotion has any connection to the material facts of this case.")  And Plaintiff has not alleged that she suffered any injury other than breast cancer.

**Wyeth's Proposal:**

**<u>Negligent Misrepresentation – Burden of Proof</u>**

Plaintiff JoBelle Baldonado has the burden of proving each of the following propositions:

First, Defendant Wyeth negligently made false representations or statements of material facts about the risk of breast cancer associated with the use of Prempro or negligently withheld facts that it had a duty to disclose;

Second, Plaintiff's physicians prescribed and Plaintiff used Prempro in justifiable reliance on the truth of the representations or statements;

Third, Plaintiff JoBelle Baldonado's damages resulted from Defendant Wyeth's negligent misrepresentations.

If you find from your consideration of all the evidence that each of these propositions are more probably true than not true, then your verdict should be for Plaintiff JoBelle Baldonado. On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved as required in this instruction, then your verdict should be for Wyeth.

Source: *Illinois Pattern Jury Instruction – Civil* 800.09A (modified); *Baldonado v. Wyeth*, 2012 WL 2254215, at *4 (N.D. Ill. June 15, 2012); *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 224 Ill.App.3d 559, 586 N.E.2d 600, 616 (Ill. App. 1991)

**Plaintiff's Reasons Supporting Her Instruction as Proposed and Objecting to Wyeth's Proposal:** Plaintiff does not agree to remove "benefits of Prempro" from the instruction. Although the Court has excluded off-label promotion, this phrase is in the instruction is proper as a cardiac benefit was part of the risk/benefit profile assessment of each prescriber. The Court has not held that the risk/benefit assessment is irrelevant.

**Proposed Jury Instruction # 33**

**Negligent Misrepresentation – Definition**

When I use the term "negligent misrepresentation" I mean a representation that the maker believes to be true but is in fact false, where the maker fails to use ordinary care in making the representation. It is for you to determine if a statement of fact or omission of a fact is a negligent misrepresentation.

Silence alone does not generally constitute a misrepresentation; however, when the opportunity and duty to speak exists and the omission of a material fact is involved, such silence may constitute misrepresentation.

Source: Restatement (Second) of Torts § 552 (1977); *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 224 Ill.App.3d 559, 586 N.E.2d 600, 616 (Ill. App. 1991).

**Plaintiff's Proposed Jury Instruction # 34**

**Fraud  – Issues**

Plaintiff JoBelle Baldonado claims that Defendant Wyeth made false statements of material facts about the risks and benefits of Prempro.  JoBelle Baldonado further claims that Wyeth knew the statements were false or made the statements in reckless disregard of whether they were true or false.  JoBelle Baldonado further claims that Wyeth made the statements with the intent to induce Plaintiff's physicians to prescribe or Plaintiff to use Prempro.  JoBelle Baldonado further claims that she or her physicians reasonably believed the statements and used Prempro in justifiable reliance on the truth of the statements.  JoBelle Baldonado further claims that she sustained damages as the result of this reliance.

Defendant Wyeth denies that it made false statements of material fact about the risks and benefits of Prempro.  Wyeth further denies that it made any statements in regard to Prempro with the knowledge that they were false or in reckless disregard of whether they were true or false.  Wyeth further denies that it made any such statements with the intent to induce Plaintiff's physicians to prescribe or Plaintiff to use Prempro.  Wyeth further denies that Plaintiff and her physicians acted in justifiable reliance on any such statements and that Plaintiff sustained damages as a result of any such statements.

Source:  *Illinois Pattern Jury Instruction – Civil*  800.01

**Wyeth's Objection:** Wyeth objects to this instruction to the extent that it refers to benefits of Prempro and risks of Prempro other than the breast cancer risk. This Court has held that off-label promotion is not at issue in this case. Order on Wyeth's MIL No. 2 to Bar Evidence of Advertising Materials With No Nexus to this Case, Dkt. # 288 ("Plaintiff has not pursued a theory of off-label promotion, nor does Plaintiff offer evidence in the record to suggest that off-label promotion has any connection to the material facts of this case.") And Plaintiff has not alleged that she suffered any injury other than breast cancer.


**Wyeth's Proposal**

**<u>Fraud – Issues</u>**

Plaintiff JoBelle Baldonado claims that Defendant Wyeth made false statements of material facts about the risk of breast cancer associated with the use of Prempro. JoBelle Baldonado further claims that Wyeth knew the statements were false or made the statements in reckless disregard of whether they were true or false. JoBelle Baldonado further claims that Wyeth made the statements with the intent to induce Plaintiff's physicians to prescribe or Plaintiff to use Prempro. JoBelle Baldonado further claims that she or her physicians reasonably believed the statements and used Prempro in justifiable reliance on the truth of the statements. JoBelle Baldonado further claims that she sustained damages as the result of this reliance.

Defendant Wyeth denies that it made false statements of material fact about the risk of breast cancer associated with the use of Prempro. Wyeth further denies that it made any statements in regard to Prempro with the knowledge that they were false or in reckless disregard of whether they were true or false. Wyeth further denies that it made any such statements with the intent to induce Plaintiff or her physicians to use or prescribe Prempro. Wyeth further denies that Plaintiff and her physicians acted in justifiable reliance on any such statements and that Plaintiff sustained damages as a result of any such statements.


Source: *Illinois Pattern Jury Instruction – Civil* 800.01

**Plaintiff's Reasons Supporting Her Instruction as Proposed and Objecting to Wyeth's Proposal:** Plaintiff does not agree to remove "benefits of Prempro" from the instruction. Although the Court has excluded off-label promotion, this phrase is in the instruction is proper as a cardiac benefit was part of the risk/benefit profile assessment of each prescriber.

**Proposed Jury Instruction # 35**

**<u>Fraud and Fraudulent Misrepresentation – Burden of Proof</u>**

Plaintiff JoBelle Baldonado has the burden of proving each of the following propositions by clear and convincing evidence:

First, Defendant Wyeth made false statements of material facts;

Second, Wyeth knew or believed the statements were false, or Wyeth made the statements in reckless disregard of whether they were true or false.

Plaintiff JoBelle Baldonado has the burden of proving that each of the following propositions is more probably true than not true:

Third, Defendant Wyeth made the statements with the intent to induce Plaintiff's physicians to prescribe and Plaintiff to use Prempro;

Fourth, Plaintiff JoBelle Baldonado or her physicians reasonably believed the statements and prescribed or ingested Prempro in justifiable reliance on the truth of the statements.

Fifth, Plaintiff JoBelle Baldonado's damages resulted from this reliance.

If you find from your consideration of all the evidence that propositions one and two have been proved by clear and convincing evidence and that propositions three, four and five are more probably true than not true, then your verdict should be for Plaintiff JoBelle Baldonado.

On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved as required in this instruction, then your verdict should be for Defendant Wyeth.

Source: *Illinois Pattern Jury Instructions – Civil* 800.02A

**Proposed Jury Instruction # 36**

<u>**Fraud and Deceit - Material Fact—Definition**</u>

When I use the word "material" I mean the misrepresented, concealed or withheld fact must have been an essential element to the transaction, and had Plaintiff JoBelle Baldonado or her physicians been aware of the truth, she or her physicians would have acted differently.

Source: *Illinois Pattern Jury Instructions (Civ.)* 800.04

**Proposed Jury Instruction 36A**

**<u>No Liability – No Damages</u>**

If you decide for Defendant on the question of liability, you will have no occasion to consider the question of damages.

Source: *Illinois Pattern Jury Instructions (Civ.)* 36.01

**Plaintiff's Proposed Jury Instruction # 37**

<u>**General Damages – Measure of Damages**</u>

If you decide for Plaintiff JoBelle Baldonado on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate her for any of the following elements of damages proved by the evidence to have resulted from the wrongful conduct of Defendant Wyeth, taking into consideration the nature, extent and duration of the injury and the aggravation of any pre-existing ailment or condition:

(1)     The disfigurement resulting from the injury;

(2)     Loss of a normal life experienced and reasonably certain to be experienced in the future;

(3)     The increased risk of future harm resulting from Plaintiff JoBelle Baldonado's injuries;

(4)     Shortened life expectancy;

(5)     The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries;

(6)     The emotional distress experienced and reasonably certain to be experienced in the future;

(7)     The reasonable expense of necessary medical care, treatment and services received, and the present cash value of the reasonable expenses of medical care, treatment and services reasonably certain to be received in the future;

(8)     The value of time, earnings, profits, salaries, and benefits lost.

(9)     The present cash value of the time, earnings, profits, salaries and benefits reasonably certain to be lost in the future.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Source: *Illinois Pattern Jury Instructions – Civil* 30.01; 30.04; 30.04.01; 30.04.03; 30.04.05; 30.05; 30.05.01; 30.06; 30.07; 30.09; 800.05

**Wyeth's Objection:** Wyeth objects to Plaintiff's instruction that the jury can award damages for aggravation of a preexisting condition, which is inconsistent with Plaintiff's theory of the case and not supported by the evidence in this case.

**Wyeth's Proposal**

**<u>General Damages – Measure of Damages</u>**

If you decide for Plaintiff JoBelle Baldonado on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate her for any of the following elements of damages proved by the evidence to have resulted from the wrongful conduct of Defendant Wyeth, taking into consideration the nature, extent and duration of the injury:

(1)     The disfigurement resulting from the injury;

(2)     Loss of a normal life experienced and reasonably certain to be experienced in the future;

(3)     The increased risk of future harm resulting from Plaintiff JoBelle Baldonado's injuries;

(4)     Shortened life expectancy;

(5)     The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries;

(6)     The emotional distress experienced and reasonably certain to be experienced in the future;

(7)     The reasonable expense of necessary medical care, treatment and services received, and the present cash value of the reasonable expenses of medical care, treatment and services reasonably certain to be received in the future;

(8)     The value of time, earnings, profits, salaries, and benefits lost.

(9)     The present cash value of the time, earnings, profits, salaries and benefits reasonably certain to be lost in the future.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Source: *Illinois Pattern Jury Instructions – Civil* 30.01; 30.04; 30.04.01; 30.04.03; 30.04.05; 30.05; 30.05.01; 30.06; 30.07; 30.09; 800.05

**Plaintiff's Response:**  Plaintiff's characterization of plaintiff's theory of the case is incorrect. Plaintiff's case-specific causation expert Dr. Elizabeth Naftalis opines that E+P promoted whatever abnormalities were in plaintiff's breast into a clinical cancer.  Thus, the jury can award damages for aggravation of a preexisting condition in this case.

**Proposed Jury Instruction # 38**

**<u>Loss of a Normal Life – Definition</u>**

When I use the expression "loss of a normal life," I mean the temporary or permanent diminished ability to enjoy life. This includes a person's inability to pursue the pleasurable aspects of life.

Source: *Illinois Pattern Jury Instructions – Civil* 30.04.02

**Proposed Jury Instruction # 39**

**<u>Increased Risk of Harm – Calculation</u>**

To compute damages for increased risk of future harm only, you must multiply the total compensation to which Plaintiff JoBelle Baldonado would be entitled if recurrence of cancer were certain to occur by the proven probability that cancer recurrence will in fact occur.

You do not reduce future damages by this formulate if those damages are more likely than not to occur.

Source: *Illinois Pattern Jury Instructions – Civil* 30.04.04

**Plaintiff's Proposed Jury Instruction # 40**

**Aggravation of Pre-Existing Condition – No Limitations**

      If you decide for the plaintiff on the question of liability, you may not deny or limit the plaintiff's right to damages resulting from the occurrence because any injury resulted from an aggravation of a pre-existing condition or a pre-existing condition which rendered the plaintiff more susceptible to injury.

Source: *Illinois Pattern Jury Instructions – Civil* 30.21

**Wyeth's Objection:**  Wyeth objects to Plaintiff's instruction that the jury can award damages for aggravation of a preexisting condition, which is inconsistent with Plaintiff's theory of the case and not supported by the evidence in this case.

**Plaintiff's Reasons Supporting Her Instruction as Proposed:** Defendant's characterization of plaintiff's theory of the case is incorrect. Plaintiff's case-specific causation expert Dr. Elizabeth Naftalis opines that E+P promoted whatever abnormalities were in plaintiff's breast into a clinical cancer. Thus, the jury can award damages for aggravation of a preexisting condition in this case.

**Proposed Jury Instruction # 41**

**Injury from Subsequent Treatment**

   If Wyeth's wrongful conduct caused injury to Plaintiff JoBelle Baldonado then Defendant Wyeth is liable not only for her damages resulting from the injury, but is also liable for any damages sustained by her arising from the medical treatment of the injury caused by Wyeth.

Source: *Illinois Pattern Jury Instructions – Civil* 30.23 (modified)

**Proposed Jury Instruction # 42**

**<u>Damages Arising in the Future – Extent and Amount</u>**

If you find that Plaintiff JoBelle Baldonado is entitled to damages arising in the future because of her injuries; or because of future medical or caretaking expenses; or because of loss of earnings, you must determine the amount of these damages which will arise in the future.

If these damages are of a continuing nature, you may consider how long they will continue. If these damages are permanent in nature, then in computing these damages you may consider how long Plaintiff JoBelle Baldonado is likely to live.

With respect to loss of future earnings, you may consider that some persons work all their lives and others do not; that a person's earnings may remain the same or may increase or decrease in the future.

Source: *Illinois Pattern Jury Instructions – Civil* 34.01

**Proposed Jury Instruction # 43**

<u>**Damages Arising in the Future – Discount to Present Cash Value**</u>

In computing the damages arising in the future because of future medical or caretaking expenses or because of the loss of future earnings, benefits, or services, you must determine their present cash value. "Present cash value" means the sum of money needed now, which, when added to what that sum may reasonably be expected to earn in the future, will equal the amount of the expenses and earnings or benefits at the time in the future when the expenses must be paid or the earnings or benefits would have been received.

Damages for pain and suffering, loss of normal life, and disfigurement are not reduced by present cash value.

Source: *Illinois Pattern Jury Instructions – Civil* 34.02

**Plaintiff's Proposed Jury Instruction # 44**

**<u>Gross Negligence  – Issues</u>**

Plaintiff JoBelle Baldonado claims that she was injured and sustained damage and that Defendant Wyeth's gross negligence was the proximate cause of her injuries.  JoBelle Baldonado further claims that Wyeth was grossly negligent in one or more of the following respects:

(1)     Wyeth engaged in willful and wanton conduct;

(2)     Wyeth acted with an utter lack of concern for the safety of others;

Or,

(3)     Wyeth acted with such reckless disregard for the rights of others that a conscious indifference to the consequences can be implied.

Plaintiff JoBelle Baldonado further claims that one or more of the foregoing was a proximate cause of her injuries and that Wyeth should be punished for its grossly negligent conduct.

Source:  *Illinois Pattern Jury Instruction – Civil*  20.01.01 (modified); *Rush University Medical Center v. Minnesota Mining and Manufacturing Co.*, 2007 WL 4198233 at *4 (N.D. Ill. Nov. 21, 2007); *Resolution Trust Corp. v. Franz*, 909 F.Supp.1128, 1141 (N.D. Ill. 1995)

**Wyeth's Objection:**  Wyeth objects to this instruction as an inaccurate statement of Illinois law. Plaintiff's instruction cites to the Illinois Pattern Instruction on "willful and wanton counts," which is not applicable to Plaintiff's claim of gross negligence.


**Wyeth's Proposal:**

## Gross Negligence  – Issues

Plaintiff JoBelle Baldonado claims that she was injured and sustained damage and that Defendant Wyeth's gross negligence was the proximate cause of her injuries.  JoBelle Baldonado further claims that Wyeth was grossly negligent in that it engaged in willful misconduct.

JoBelle Baldonado also claims that Wyeth's willful misconduct was a proximate cause of her injuries.


Source:  *Rush University Medical Center v. Minnesota Mining and Manufacturing Co.*, 2007 WL 4198233 at *4 (N.D. Ill. Nov. 21, 2007); *Resolution Trust Corp. v. Franz*, 909 F.Supp.1128, 1141 (N.D. Ill. 1995).

**Plaintiff's Reasons Supporting Her Instruction as Proposed and Objecting to Wyeth's Proposal:** Plaintiff's citation to the Illinois Pattern instruction on "willful and wanton counts" notes that it is modified, and that instruction was used as a guideline for the format of this instruction. Furthermore, the instruction is an accurate statement of Illinois law:

Illinois law defines "gross negligence" and "willful misconduct" as "recklessness," which means a conscious and deliberate disregard for the rights or safety of others. *Rush University Medical Center v. Minnesota Mining and Manufacturing Co.*, 2007 WL 4198233 at *4 (N.D. Ill. Nov. 21, 2007) (citing *Resolution Trust Corp. v. Franz,* 909 F.Supp. 1128, 1141 (N.D.Ill.1995)).

Defendant's proposed changes are a misstatement of the law. See previous response to Defendants' objection.

**Plaintiff's Proposed Jury Instruction # 45**

<u>**Exemplary/Punitive Damages – Measure of Damages**</u>

In addition to compensatory damages, the law permits you under certain circumstances to award punitive damages. If you find that Defendant Wyeth's conduct was willful and wanton and proximately caused damage to Plaintiff JoBelle Baldonado, and if you believe that justice and the public good require it, you may award an amount of money which will punish Wyeth and discourage it and others from similar conduct.

In arriving at your decision as to the amount of punitive damages, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages:

(1)     How reprehensible was Defendant Wyeth's conduct?

On this subject, you should consider the following:

      (a)     The facts and circumstances of Defendant Wyeth's conduct;

      (b)     The vulnerability of Plaintiff JoBelle Baldonado;

      (c)     The duration of the misconduct;

      (d)     The frequency of Defendant Wyeth's misconduct;

      (e)     Whether the harm was physical as opposed to economic;

      (f)     Whether Defendant Wyeth tried to conceal the misconduct;

(2)     What actual and potential harm did Defendant Wyeth's conduct cause to Plaintiff JoBelle Baldonado in this case?

(3)     What amount of money is necessary to punish Defendant Wyeth and discourage Wyeth and others from future wrongful conduct in light of Wyeth's financial condition?

The amount of punitive damages must be reasonable.

Source: *Illinois Pattern Jury Instruction – Civil* 35.01 (Jan. 2007 rev.)

**Wyeth's Proposal**

**Exemplary/Punitive Damages – Measure of Damages**

In addition to compensatory damages, the law permits you under certain circumstances to award punitive damages. If you find that Defendant Wyeth's conduct was willful and wanton and proximately caused damage to Plaintiff JoBelle Baldonado, and if you believe that justice and the public good require it, you may award an amount of money which will punish Wyeth and discourage it and others from similar conduct.

In arriving at your decision as to the amount of punitive damages, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages:

(1) How reprehensible was Defendant Wyeth's conduct?

On this subject, you should consider the following:

    (a) The facts and circumstances of Defendant Wyeth's conduct;

    (b) The vulnerability of Plaintiff JoBelle Baldonado;

    (c) The duration of the misconduct;

    (d) The frequency of Defendant Wyeth's misconduct;

    (e) Whether the harm was physical as opposed to economic;

    (f) Whether Defendant Wyeth tried to conceal the misconduct;

In assessing the frequency of Wyeth's conduct, you may only consider conduct that is similar to Wyeth's conduct in regard to Plaintiff JoBelle Baldonado. You may not consider any evidence of alleged misconduct by Wyeth, including promotional materials, internal memoranda, letters from Wyeth's sales representatives, communications from Wyeth to doctors, draft meeting agendas, and any other materials, unless Plaintiff has demonstrated a connection between these materials and her injury.

(2) What actual and potential harm did Defendant Wyeth's conduct cause to Plaintiff JoBelle Baldonado in this case?

(3) What amount of money is necessary to punish Defendant Wyeth and discourage Wyeth and others from future wrongful conduct in light of Wyeth's financial condition?

The amount of punitive damages must be reasonable.

67

Source:  Order on Wyeth's MIL No. 11 at 7, Dkt. # 360; *Illinois Pattern Jury Instruction – Civil* 35.01 (Jan. 2007 rev.); *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996).

**Plaintiff's Objection to Wyeth's Proposal:**  Defendant's proposal goes beyond the Court's order. Wyeth's proposed instruction is not an accurate statement of Illinois law and is highly prejudicial. Further, it is inappropriate for the Court to comment on the evidence as Wyeth proposes.  The last sentences make no sense and provide no guidance to a jury. Obviously a jury cannot award damages for things that are not supported by the evidence.  Moreover, to any extent that a limiting instruction is given, which Plaintiff objects to, it should be made separately and not included in the form punitive damages instruction. If the Court determines that a limiting instruction is necessary *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), the jury should be told that they cannot punish Wyeth for harms to nonparties. Plaintiff thus proposes the following:

**Plaintiff's Proposal:**

**<u>Punitive Damages – Harm to the Plaintiff</u>**

While you may consider evidence of harm to nonparties on the issue of whether Defendant's conduct was reprehensible or posed a substantial risk of harm to the general public, you may not use that evidence to punish Defendant directly for harms to those nonparties. Punitive damages may not be awarded for conduct which injured others but did not harm Plaintiff.

*Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

**Wyeth's Reasons Supporting its Instruction as Proposed and Objecting to Plaintiff's Proposal:** This Court specifically held that Wyeth may propose a jury instruction to address its due process concerns in regard to certain marketing exhibits on Plaintiff's exhibit list. (*See* Order on Wyeth's MIL No. 11 at 7, Dkt. # 360). Plaintiff's proposal does not address Wyeth's due process concerns in regard to these specific pieces of evidence. Wyeth's proposal is a clear and accurate reflection of Supreme Court punitive damages precedent and is well within the bounds of this Court's order.

**Proposed Jury Instruction # 46**

<u>**Willful and Wanton Conduct – Corporate Defendant's Liability**</u>

Defendant Wyeth is a corporation and can act only through its officers and employees. As to Plaintiff JoBelle Baldonado's claim for compensatory damages against Wyeth, any act or omission of an officer or employee within the scope of his or her employment is the act or omission of the defendant corporation.

As to Plaintiff JoBelle Baldonado's claim for punitive damages against Defendant Wyeth, a different rule applies. Punitive damages may be awarded against Wyeth only (1) if you find in favor of Plaintiff JoBelle Baldonado and against Defendant Wyeth (2) if you find that, as to the act(s) or omission(s) giving rise to liability one or more of the following conditions is proved:

(a)     The corporation, through its management, authorized the doing and the manner of the act or omission; or

(b)     The employee responsible for the acts or omissions was unfit and the corporation was reckless in employing him; or

(c)     The acts or omissions were that of managerial employees who were acting in the scope of their employment; or

(d)     The corporation, through its management or a managerial employee, ratified or approved the act or omission.

Source: *Illinois Pattern Jury Instructions – Civil* 35.02 (Jan. 2007 rev.)

**Proposed Jury Instruction # 47**

**<u>Willful and Wanton Conduct – Definition</u>**

When I use the expression "willful and wanton conduct" I mean a course of action which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others.

Source: *Illinois Pattern Jury Instruction – Civil* 14.01

**Wyeth's Proposed Jury Instruction # 47A**

**Purpose of Punitive Damages**

The fact that I am instructing you about punitive damages does not mean that I believe such an award is appropriate in this case. Whether or not to award punitive damages is for you to decide in accordance with these instructions and based on the evidence in this case. Nothing I say in these instructions is meant to express any view, one way or the other, on the part of the Court. Punitive damages and compensatory damages serve different purposes. Compensatory damages are intended to compensate a plaintiff for injury or loss that the plaintiff actually suffered as a result of a defendant's misconduct. You should presume that any award of compensatory damages will fully compensate Plaintiff for her injuries. Plaintiff has no right to punitive damages. Simply because you may have awarded compensatory damages does not mean that you are required to award punitive damages. You may assess punitive damages against Defendant or you may decline to impose punitive damages.

Source: *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 567 (1996); *Smith v. Wade*, 461 U.S. 30, 52 (1983); *United States v. Balistrieri*, 981 F.2d 916, 936 (7th Cir. 1992) ("It is true that the jury was not required to award punitive damages, for punitive damages are always discretionary.")

**Plaintiff's Objection:**   Plaintiff objects to this instruction. There is no Illinois pattern jury instruction that envisions any such comment by the court and none of the cases cited by Wyeth propose such an instruction.  Compensatory damages will have already been defined by the court and do not need to be repeated.  Any comment by the court as to whether the court does or does not agree with a claim is inappropriate. Plus this instruction is not an accurate statement of Illinois law. If anything, the jury should be instructed that, if the evidence supports a punitive award, the jury should award punitive damages and nothing different.

**Wyeth's Reasons Supporting its Instruction as Proposed:**     The Supreme Court has specifically held that "[i]t should be presumed a plaintiff has been made whole for his injuries by compensatory damages." *State Farm*, 538 U.S. at 420. Wyeth would by highly prejudiced if the jury did not understand that compensatory damages are intended to fully compensate Plaintiff for her injury, that Plaintiff has no right to punitive damages, and that the fact that the Court may instruct the jury on punitive damages does not imply that the Court believes Plaintiff is entitled to punitive damages in this case.

**Wyeth's Proposed Jury Instruction # 47B**

**<u>Punitive Damages – Harm to the Plaintiff</u>**

       Punitive damages may be awarded only if you find specific conduct that meets the standard for punitive damages and that conduct injured Plaintiff. You may not award punitive damages for any other conduct. Punitive damages may not be awarded for conduct which injured others but did not harm Plaintiff. You may not allow your decision regarding punitive damages to be affected by the fact that Defendant is a big corporation or a pharmaceutical corporation or based on a belief that it is a profitable corporation or that it has an ability to pay punitive damages.

Source: *Philip Morris USA v. Williams*, 549 U.S. 346, 356-57 (2007) (explicitly holding that a jury may not punish for harm caused to others than the plaintiff); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003) (in awarding punitive damages, defendant should be punished "for the conduct that harmed the plaintiff," not for being unsavory and holding that state courts erred in awarding punitive damages to punish and deter conduct bearing no relation to plaintiffs' harm); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575-80 (1996); *Honda Motor Co. v Oberg*, 512 U.S. 415, 432 (1994); *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 464 (1993) (plurality opinion) (agreeing with petitioner that "the emphasis on the wealth of the wrongdoer increased the risk that the award may have been influenced by prejudice against large corporations, a risk that is of special concern when the defendant is a nonresident"); *In re Yasmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, 2011 WL 6732819, at *5 (S.D. Ill. Dec. 6, 2011) ("Thus, Bayer's total wealth is solely relevant to a punitive damages award's effect, not to Bayer's reprehensibility. Accordingly, as the Court will not allow plaintiffs to present evidence of Bayer's total wealth as evidence of additional conduct in need of punishment, its inclusion does not violate the Due Process Clause.").

**Plaintiff's Objection:** Wyeth's proposed instruction is not an accurate statement of Illinois law and it is highly prejudicial. Plaintiff does agree that pursuant to *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), the jury should be told that they cannot punish Wyeth for harms to nonparties. Plaintiff thus proposes the below instruction which is an accurate statement of the law.

**Plaintiff's Proposal:**

**Punitive Damages – Harm to the Plaintiff**

While you may consider evidence of harm to nonparties on the issue of whether Defendant's conduct was reprehensible or posed a substantial risk of harm to the general public, you may not use that evidence to punish Defendant directly for harms to those nonparties. Punitive damages may not be awarded for conduct which injured others but did not harm Plaintiff.

**Wyeth's Reasons Supporting its Instruction as Proposed and Objecting to Plaintiff's Proposal:**  Wyeth's proposal accurately reflects and clearly explains Supreme Court precedent on punitive damages.  The parts of Wyeth's proposal to which Plaintiff objects are crucial aspects of this precedent. It is important for the jury to understand that the Supreme Court has held that they may not punish Wyeth for the fact that it is a big corporation or a pharmaceutical corporation and may have the resources to pay a punitive award. *See*, *e.g.*, *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 464 (1993) (plurality opinion) ( "the emphasis on the wealth of the wrongdoer increased the risk that the award may have been influenced by prejudice against large corporations"); *Draper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978) ("Appealing to the sympathy of jurors through references to financial disparity is improper . . . . [J]ustice is not dependent upon the wealth or poverty of the parties and a jury should not be urged to predicate its verdict on a prejudice against bigness or wealth.")

**Wyeth's Proposed Instruction # 47C**

**No Punitive Damages for Conduct that was Lawful**

You may not award punitive damages for conduct by Wyeth that was lawful.

Source: *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 US. 408, 422-23 (2003) ("A State cannot punish a defendant for conduct that may have been lawful where it occurred."); *BMW of N Am., Inc. v. Gore,* 517 US. 559, 572-73 (1996) ("Alabama does not have the power, however, to punish BMW for conduct that was lawful where it occurred and that had no impact on Alabama or its residents. Nor may Alabama impose sanctions on BMW in order to deter conduct that is lawful in other jurisdictions."); *id.* at 573 n.19 ("To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort.") (citation omitted); *Browning v. Wyeth, Inc.,* 831 N'y.S.2d 804, 1170 (N.Y. App. Div. 2007) (Wyeth's "warnings provided with the drugs taken by plaintiff were adequate as a matter of law. . . ."); US. Const. amend XIV

**Plaintiff's Objection:** Wyeth's proposed instruction is not an accurate statement of Illinois law and it is highly prejudicial. Punitive damages are not only for criminal conduct but for willful and wanton conduct. There is no Illinois pattern jury instruction that envisions any such comment by the court and none of the cases cited by Wyeth propose such an instruction.

**Wyeth's Reasons Supporting its Instruction as Proposed:**   Wyeth's proposal accurately reflects Supreme Court precedent on punitive damages.

**Wyeth's Proposed Instruction # 47D**

**No Punitive Damages for Out-of-State Conduct**

You may not award punitive damages to punish conduct that did not occur in Illinois.


Source: *Philip Morris USA v. Williams,* 549 US. 346, 355 (2007) (procedural protections for defendant necessary to address risk that "punitive damages awards can, in practice, impose one State's (or one jury's) policies . . . upon other States"); *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 421 (2003) ("A State cannot punish a defendant for conduct that may have been lawful where it occurred;" "[n]or, as a general rule, does a State have a legitimate concern in imposing punitive damages to punish a defendant for unlawful acts committed outside of the State's jurisdiction"); *BMW of N Am., Inc. v. Gore,* 517 US. 559,570-75 & 585 (1996) ("While each State has ample power to protect its own consumers, none may use the punitive damages deterrent as a means of imposing its regulatory policies on the entire Nation."); *White v. Ford Motor Co.,* 312 F.3d 998, 1019-20 (9th Cir. 2002) ("The district court's refusal to limit the jury to consideration of Nevada's interests, combined with the plaintiffs' lawyers exhortations to let the decision resonate 'across the country,' compels us to conclude that the jury here was permitted to engage in 'a due process violation of the most basic sort' when it arrived at its punitive damages award."); *Yu v. Signet BanklVirginia,* 69 Cal. App. 4th 1377, 1392 (l999) (noting that *BMW* makes clear that the Due Process Clause 'thus prohibit[s] an award of punitive damages herein to punish or deter [defendants'] conduct with respect to consumers in states other than California"); *Smith v. Ingersoll-Rand Co.,* 214 F.3d 1235, 1252-53 (10th Cir. 2000) (recognizing that *BMW v. Gore* prohibits an award of punitive damages to punish or deter a defendant's conduct with respect to consumers in other states); *Cant'! Trend Res., Inc. v. Oxy USA, Inc.,* 101 F.3d 634, 636-37 (l0th Cir. 1996) (state cannot inhibit or change conduct occurring in other states); US. Const. amend XIV

**Plaintiff's Objection:** Wyeth's proposed instruction is not an accurate statement of Illinois law and it is highly prejudicial. The only restriction under *Phillip Morris* is that the conduct not solely occur in another state. But if Wyeth created the willfully inaccurate label in Pennsylvania and gave it to Illinois doctors, then Wyeth can be liable for punitive damages

**Plaintiff's Proposal:**

## <u>Punitive Damages – Harm to the Plaintiff</u>

While you may consider evidence of harm to nonparties on the issue of whether Defendant's conduct was reprehensible or posed a substantial risk of harm to the general public, you may not use that evidence to punish Defendant directly for harms to those nonparties. Punitive damages may not be awarded for conduct which injured others but did not harm Plaintiff.

**Wyeth's Reasons Supporting its Instruction as Proposed and Objecting to Plaintiff's Proposal:** Wyeth's proposal accurately reflects and clearly and concisely states Supreme Court precedent on punitive damages. Plaintiff's proposal does not accurately reflect Supreme Court precedent nor does it address the one specific issue—out-of-state conduct—raised by Wyeth's proposal.

**Wyeth's Proposed Instruction # 47E**

**Punitive Damages Not Appropriate if Reasonable Disagreement**

Punitive damages are not appropriate if reasonable people could disagree about whether Defendant's conduct toward Plaintiff was correct or lawful. Likewise, Punitive damages are not appropriate if Defendant's conduct toward Plaintiff involved complex scientific issues as to which there was room for reasonable disagreement in the scientific community.

Source: *Loitz v. Remington Arms Co.,* 563 N.E.2d 397, 407 (Ill. 1990); *Southwest Tel. & Tel. Co. v. Danaher,* 238 U.S. 482, 490 (1915) (where a defendant is justified in believing that its conduct is reasonable and lawful, even if that belief turns out to be incorrect, punishing that conduct "depart[s] from the fundamental principles of justice embraced in the recognized conception of due process of law"); *Barber v. Nabors Drilling U.S.A., Inc.,* 130 F.3d 702, 710 (5th Cir. 1997) (reversing punitive damages where there was a "good faith dispute" as to the propriety of employer's conduct in ADA case); *Satcher v. Honda Motor Co.,* 52 F.3d 1311, 1317 (5th Cir. 1995) (vacating punitive damage award where evidence showed, among other things, "a genuine dispute in the scientific community" as to the conduct at issue); *Burke v. Deere* & *Co.,* 6 F.3d 497, 511 (8th Cir. 1993) ("An award of punitive damages is not appropriate when room exists for reasonable disagreement over the relative risks and utilities of the conduct at issue."); *Erie Ins. Co. v. Hickman,* 622 N.E.2d 515, 520-23 (Ind. 1993) (no punitive damages warranted where insurance adjuster based denial of claim on police reports and other "sources of information upon which the adjuster had a right to rely"); *Hillrichs v. Avco Corp.,* 514 N.W.2d 94, 100 (Iowa 1994) ("an award of punitive damages is inappropriate when room exists for reasonable disagreement" over the defendant's conduct); U.S. Const. amend XIV

**Plaintiff's Objection:**    Plaintiff objects to this instruction. There is no Illinois pattern jury instruction that envisions any such comment by the court and none of the cases cited by Wyeth propose such an instruction and this instruction is not an accurate statement of Illinois law.

**Wyeth's Response:**  Wyeth's proposal accurately reflects Supreme Court precedent on punitive damages.  It addresses a specific and important issue regarding punitive damages that is not addressed by the general pattern instructions on punitive damages.

**Wyeth's Proposed Instruction # 47F**

**Punitive Damages Not Appropriate Re: Government Regulations**

Punitive damages are not appropriate where a defendant has complied with applicable government regulations, standards, or statutes where the government has explicitly considered the risk at issue in the case and where the defendant has not withheld material information from the government concerning that risk.

Source: *Geier* v. *Am. Honda Motor Co.,* 529 U.S. 861, 893 (2000) (Stevens, J., dissenting) (compliance with government standards "presumably weigh[s] against an award of punitive damages"); *BMW of N. Am., Inc.* v. *Gore,* 517 U.S. 559,579-80 (1996) ("BMW could reasonably rely on state disclosure statutes for guidance," and its compliance with these statutes provided "a good faith basis for believing" that its conduct was lawful); *Hatfield v. Sandoz-Wander, Inc.,* 464 N.E.2d 1105, 1109 (Ill. App. Ct. 1984) ("[E]vidence of compliance with Federal government standards is relevant in a strict tort liability case both on the issue of whether a product is defective and whether the defective condition is unreasonably dangerous."); *Richards* v. *Michelin Tire Corp.,* 21 F.3d 1048, 1059 (11th Cir. 1994) (tire manufacturer not liable for punitive damages because it complied with federal standards); *Nader* v. *Allegheny Airlines, Inc.,* 626 F.2d 1031, 1035 (D.C. Cir. 1980) ("An airline may not be condemned as a wanton wrongdoer for conforming to the standards set and the practices approved by the [Civil Aeronautics Board]."); *Sloman* v. *Tambrands, Inc.,* 841 F. Supp. 699, 702-03 n.3 (D. Md. 1993) ("Since defendant successfully proved that it complied with federal regulations, the Court concludes that Tampax did not act with malice in its TSS warning and thus plaintiff is not entitled to punitive damages."); *Boyette* v. *L. W Looney & Son, Inc.,* 932 F. Supp. 1344, 1348 (D. Utah 1996) (no punitive damages warranted where manufacturer's warning met OSHA standards); *Barger* v. *Garden Way, Inc.,* 499 S.E.2d 737, 743 (Ga. Ct. App. 1998) ("[P]unitive damages ... are, as a general rule, improper where a defendant has adhered to [applicable] [government] regulations."); *Malcolm* v. *Evenjlo Co.,* 217 P.3d 514,531 (Mont. 2009) ("[A] good faith effort to comply with all government regulations 'would be evidence of conduct inconsistent with the mental state requisite for punitive damages.'") (citation omitted); *Prosser & Keeton on the Law of Torts* § 36, 233 n.41 (5th ed. 1984) ("In most contexts . . . compliance with a statutory standard should bar liability for punitive damages."); U.S. Const. Amend XIV

**Plaintiff's Objection:**    Plaintiff objects to this instruction. There is no Illinois pattern jury instruction that envisions any such comment by the court and none of the cases cited by Wyeth propose such an instruction and this instruction is not an accurate statement of Illinois or federal law.

**Wyeth's Reasons Supporting its Instruction as Proposed and Objecting to Plaintiff's Proposal:** Wyeth's proposal accurately reflects Supreme Court precedent on punitive damages. It addresses a specific and important issue regarding punitive damages that is not addressed by the general pattern instructions on punitive damages.

**Wyeth's Proposed Instruction # 47G**

**Purpose of Punitive Damages Limits When They Can Be Awarded**

The purpose of punitive damages is to punish and deter. You must not decide to impose punitive damages for any other purpose.

Source: *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 419-20 (2003) (reversing punitive damages award where "a more modest punishment . . . could have satisfied the State's legitimate objectives" of punishment and deterrence; stating that a "defendant should be punished for the conduct that harmed the plaintiff."); *BMW of N Am., Inc. v. Gore,* 517 U.S. 559, 584 (1996) ("The [punitive damages] sanction imposed in this case cannot be justified on the ground that it was necessary to deter future misconduct without considering whether less drastic remedies could be expected to achieve that goal."); *United States v. Balistrieri*, 981 F.2d 916, 937 (7th Cir. 1992) ("Civil penalties and punitive damages serve a common purpose: to punish wrongdoing."); U.S. Const. amend XIV

**Plaintiff's Objection:**     Plaintiff objects to this instruction. There is no Illinois pattern jury instruction that envisions any such comment by the court and none of the cases cited by Wyeth propose such an instruction and this instruction is not an accurate statement of Illinois law.

**Wyeth's Reasons Supporting its Instruction as Proposed:** Wyeth's proposal accurately reflects Supreme Court precedent on punitive damages. It addresses a specific and important issue regarding punitive damages that is not addressed by the general pattern instructions on punitive damages.

**Wyeth's Proposed Instruction # 47H**

**Punitive and Deterrent Effects of Compensatory Damages Award Limit the Imposition of Punitive Damages**

Although compensatory damages are awarded to compensate Plaintiff for actual injuries, compensatory damages also have the effect of punishing and deterring misconduct.  In addition, other costs incurred by a defendant arising out of litigation further punish and deter misconduct. Therefore, in determining whether to impose punitive damages, you should consider the deterrence and punishment imposed by any compensatory damages you may award.  Only if you find that the compensatory damages you award are insufficient to provide the proper amount of deterrence and punishment may you consider imposing punitive damages.

Source: *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 US. 408, 426 (2003) (vacating punitive damages award as excessive; noting "punitive element" in compensatory damage award); *id* at 419 ("It should be presumed a plaintiff has been made whole for his injuries by compensatory damages, so punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence."); *Memphis Cmty. Sch. Dist. v. Stachura,* 477 US. 299, 307 (1986) ("Deterrence . . . operates through the mechanism of damages that are compensatory - damages grounded in determinations of plaintiffs' actual losses."); *Mirkin v. Wasserman,* 5 Cal. 4th 1082, 1106 (1993) (an award of actual damages can fulfill deterrent functions); *Brown* v. *Farkas,* 511 N.E.2d 1143, 1148 (lll. App. Ct. 1986) ("We believe that in light of the fact that a $50,000 compensatory damage award against Brown has been ordered, an award of punitive damages in the amount of $50,000 is sufficient to punish Brown and deter others from committing a similar offense."); U.S. Const. amend XIV

**Plaintiff's Objection:**  Plaintiff objects to this instruction. There is no Illinois pattern jury instruction that envisions any such comment by the court and none of the cases cited by Wyeth propose such an instruction.  For example, attorney fees are not considered punitive but fall within Wyeth's proposed instruction above.  Compensatory damages will have already been defined by the court and does not need to be repeated.  If anything, the jury should be instructed that, if the evidence supports a punitive award, the jury should award punitive damages and nothing different.

**Wyeth's Reasons Supporting its Instruction as Proposed:** Wyeth's proposal accurately reflects Supreme Court precedent on punitive damages. It addresses a specific and important issue regarding punitive damages that is not addressed by the general pattern instructions on punitive damages.

**Wyeth's Proposed Instruction # 47I**

**No Consideration of Data Available After the Time Period at Issue**

In determining whether to impose punitive damages, you may not consider information or data that became available only after Plaintiff stopped taking Prempro.

Source: *Sealover* v. *Carey Canada,* 793 F. Supp. 569, 579 (M.D. Pa. 1992) (evidence of what the defendants learned of the hazards of asbestos after the decedent's exposure had no relevance to what they knew before the exposure and thus did not support the claim for punitive damages); *Smith* v. *Aqua-Flo, Inc.,* 23 S.W.3d 473, 482 (Tex. Ct. App. 2000) (in action against manufacturer of spa water pumps, subsequent report of Consumer Products Safety Commission was not evidence of knowledge of extreme degree of risk and action in conscious indifference to rights of public); U.S. Const. amend XIV

**Plaintiff's Objection:**    Plaintiff objects to this instruction. There is no Illinois pattern jury instruction that envisions any such comment by the court and none of the cases cited by Wyeth propose such an instruction and this instruction is not an accurate statement of Illinois law.

**Wyeth's Reasons Supporting its Instruction as Proposed:**  Wyeth's proposal accurately reflects Supreme Court precedent on punitive damages.  It addresses a specific and important issue regarding punitive damages that is not addressed by either the general pattern instructions on punitive damages or Wyeth's proposed limiting instruction on post-use labeling.

**Wyeth's Proposed Instruction # 47J**

**Jury Must Apply Calm Discretion and Sound Reason**

Throughout your consideration of whether to impose punitive damages, you must apply calm discretion and sound reason. Damages must never be imposed because of any sympathy, bias, or prejudice with respect to any party in the case.

Source: Honda Motor Co. v. Oberg, 512 U.S. 415, 432 (1994) ("Punitive damages pose an acute danger of arbitrary deprivation of property. Jury instructions typically leave the jury with wide discretion in choosing amounts, and the presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses, particularly those without strong local presences."); *id* at 433 ("The problem that concerns us, however, is the possibility that a jury will not follow those instructions and may return a lawless, biased, or arbitrary verdict."); U.S. Const. Amend XIV

**Plaintiff's Objection:**     Plaintiff objects to this instruction. There is no Illinois pattern jury instruction that envisions any such comment by the court and none of the cases cited by Wyeth propose such an instruction and this instruction is not an accurate statement of Illinois law.

**Wyeth's Reasons Supporting its Instruction as Proposed:** Wyeth's proposal accurately reflects Supreme Court precedent on punitive damages. It addresses a specific and important issue regarding punitive damages that is not addressed by the general pattern instructions on punitive damages.

**Proposed Jury Instruction # 48**

**<u>Selection of Presiding Juror; General Verdict</u>**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Source: *Seventh Circuit Federal Civil Jury Instructions* 1.32 (2005 rev.)

**Proposed Jury Instruction # 49**

<u>**Social Media Instruction**</u>

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

**Proposed Jury Instruction # 50**

<u>**Communication with Court**</u>

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.


Source: *Seventh Circuit Federal Civil Jury Instructions* 1.33 (2005 rev.)

**Proposed Jury Instruction # 51**

**<u>Disagreement Among Jurors</u>**

The verdict[s] must represent the considered judgment of each juror. Your verdict[s], whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Source: *Seventh Circuit Federal Civil Jury Instructions* 1.34 (2005 rev.)